1838.

The Mayor, &c. of the City of Hudson *vs.* Thorne and others.

The charter of the city of Hudson does not authorize the common council of that city to pass an ordinance prohibiting the erection of wooden or frame buildings within the city, or to limit the size of buildings which individuals shall be permitted to erect on their own premises.

Although the corporation of a city is expressly authorized by its charter to prevent or regulate the carrying on of manufactures dangerous in causing or promoting fires, it cannot make a by-law to prohibit one citizen from carrying on such dangerous business and to permit others to do so; as all by-laws made by a corporation must be reasonable.

The court of chancery will not interfere by injunction to enforce the penal laws of the state, or the by-laws of a corporation, unless the act sought to be restrained is in itself a nuisance.

THIS was an application to dissolve an injunction restraining the defendants from erecting a building in the city of Hudson, upon a vacant lot owned by them, intended to be used as a hay press. The bill set out that part of the city charter which authorized the common council, from time to time, to pass such ordinances as they should think proper, to remove or prevent the construction of any fire place, hearth, chimney, stove, oven, boiler, kettle or apparatus used in any house, building, manufactory, or business, which might be dangerous in causing or promoting fires; to regulate or prevent the carrying on of manufactures dangerous in causing or promoting fires; to adopt and establish such regulations for the prevention or suppression of fires as might be necessary; and generally to make all such rules, regulations, by-laws and ordinances, for the good government of the city and the trade and commerce thereof, as they might deem expedient, not repugnant to the constitution and laws of the state; and to enforce the observance thereof by inflicting penalties upon any person for the violation of any such ordinances of the common council, not exceeding twenty-five dollars for any one offence. And the complainants further stated, that in pursuance of the powers so given to the common council, they did, in July, 1838, duly pass an ordinance by which, among other things, it was ordered that

September 18.

1838.

Mayor, &c. of
Hudson
v.
Thorne.

no person should *erect or construct, or cause to be erected or constructed*, any wooden or frame barn, stable or hay press, within certain specified limits in the city of Hudson, of more than thirty feet in width and thirty feet in depth, without the permission of the common council, expressed by a resolution of the board that such building was not dangerous in causing or promoting fires ; and that any person who should violate such ordinance should incur a penalty of $25, and a further penalty of $25 for every twenty-four hours such violation should continue. The complainants also charged that subsequent to the passage of the ordinance the defendants had commenced the erection of a wooden or frame building, within the prohibited limits, of the length of 120 feet and of the breadth of about 48 feet, with a shed of the same length and of the breadth of twelve feet attached thereto, without the permission of the common council as specified by the ordinance ; which building was to be occupied for stowing and pressing hay ; that on the opposite side of the street from where the building of the defendants was being erected, and also southerly and easterly therefrom, there were numerous buildings of brick and wood compactly built, which were much exposed and liable to be destroyed by fire ; and that the burning of the defendants' building would produce an immense destruction of valuable property. The complainants further charged that the erection of the defendants' building, *and its occupation for storing and pressing hay*, by reason of the combustible nature of the hay, the extent of the building, and its proximity to other buildings, would be extremely dangerous in causing and promoting fires, and would greatly prejudice the public interests. And inasmuch as the penalty which the complainants were authorized to inflict for the violation of their ordinance was entirely inadequate and ineffectual to prevent the erection of the defendants' building, they prayed that the defendants might be decreed to take down and remove the said building, and might be restrained by injunction from proceeding further in the erection and completion thereof, and from using the same as a hay press or barn, and from

storing, pressing and keeping hay, straw, or other combustible materials in such building; and for general relief.

*S. Stevens & K. Miller*, for the complainants.

*John W. Edmonds*, for the defendants.

THE CHANCELLOR. The ordinance of the common council in this case is entirely directed against the erection of the building, and not against its occupation in such a manner as to render it dangerous in the promotion or originating of fires. And I infer from the affidavits that the ordinance was so framed for the purpose of merely preventing the erection of such buildings; as it appears there were such buildings already in existence, not only in other compact parts of the city but also within the prohibited limits, the occupation of which for the storing and pressing of hay the common council did not intend to restrain. It is not necessary, therefore, for me to inquire whether the common council, by the city charter, have the power to pass a by-law prohibiting the storing or pressing of hay within the compact parts of the city, as a business or manufacture which is dangerous in causing or promoting fires. I am satisfied, however, that under the provisions of this charter the legislature never intended to give to the common council the power to restrict the erection of wooden or frame buildings within the city, or to limit the size of buildings which individuals should be permitted to erect on their own premises. And as the ordinance is an attempt to exercise such a power only, it is inoperative and void. If the manufacture of pressed hay within the compact parts of the city is dangerous in causing or promoting fires, the common council have the power expressly given by their charter to prevent the carrying on of such manufacture; but as all by-laws must be reasonable, the common council cannot make a by-law which shall permit one person to carry on the dangerous business, and prohibit another, who has an equal right, from pursuing the same business. Neither have they the right to permit the dangerous manufacture to be carried on in buildings already

1838.

Mayor, &c. of
Hudson
v.
Thorne.

erected, and to prohibit these defendants whose building was destroyed by an incendiary, from rebuilding the same for the purpose of carrying on a manufacture which is permitted to others.

Again; it is no part of the business of this court to enforce the penal laws of the state, or the by-laws of a corporation, by injunction, unless the act sought to be restrained is a nuisance. And it is nowhere alleged in this bill, that the manufacture of pressed hay within the compact parts of the city of Hudson, in a building more than thirty feet square, is in itself a public nuisance. If it is so, the complainants will probably have no difficulty, upon an ordinance properly framed, or in a proceeding by indictment, to suppress the carrying on of the illegal business without the aid of the strong arm of this court. Upon the whole, I am satisfied that this bill furnishes no sufficient ground for the interference of the court by a preliminary injunction. And even if the case made by the bill was prima facie sufficient to entitle the complainants to relief, it was a case in which it was improper for the master to grant an injunction ex parte, and without requiring the complainants to give security to pay the injury which might be caused by the injunction, or at least requiring them to give their own bond, so as to make themselves responsible for the damages which the defendants might sustain by the injunction, if it should afterwards appear that the complainants were in the wrong. (*Sullivan* v. *Judah*, 4 *Paige's Rep.* 444.) The injunction must therefore be dissolved with costs.