## Amos Pettibone v. Thomas McGraw and Others.

Stockholders in a plank road company organized under the General Plank Road Act of 1851, 'are severally liable for demands against the company (not for labor) to the amount of the stock held by each in the company when the debt accrued. And it is not therefore indispensible that a judgment-creditor, who, after return of execution against the company unsatisfied, files his bill to compel the payment of his judgment by stockholders, should make all the stockholders defendants.

Nor 'is it necessary that all be made parties to such a bill when the demand for which the judgment was rendered was for labor.

Independent of statutory provisions, Chancery may, on behalf of the creditors of corporations, compel stockholders to pay in any amount that may be unpaid on their stock.

Under the Plank Road Act of 1851, stockholders in a plank road company are liable to its creditors for demands, other than for labor, to the full amount of their stock, and not merely for the amounts which remain unpaid on their stock.

*Heard May 25th. Decided June 7th.*

Appeal in Chancery from Oakland Circuit.

Complainant in his bill set forth, that the defendants, together with eighty-nine other persons, some of whom are since dead, others removed from the state, and others unknown to complainant, in January, 1852, formed themselves into an association under the General Plank Road Act of 1851, to be known as the Novi and White Lake Plank Road Company, for the purpose of building a certain plank road, and entered into articles, which were duly filed, and the company thereby incorporated: That the company contracted with one John N. Pettibone for the construction of a portion of such road, and he proceeded to make the same, but the company neglecting to pay therefor, he brought suit in the Circuit Court for the county of Oakland, and on the 9th day of March, 1856, recovered judgment against the company for $3355.52 and costs: That execution was subsequently issued on such judgment to the sheriff of said county, who returned the same wholly unsatisfied except as to $22.25: That defendants were stockholders in said plank road company when the indebtedness for which such judg-

6 MICH. — 2D.

ment was rendered accrued, and still continue such stockholders : That on July 24th, 1856, said John A. Pettibone assigned such judgment to complainant: And he prays that defendants may be decreed to pay him the amount thereof with interest.

Defendants filed a general demurrer to this bill, which was overruled, and the bill taken as confessed. The court thereupon referred the cause to the circuit court commissioner to inquire and report what amount of the judgment was for labor, and what amount for materials furnished, and to report also the amount of stock held by each defendant at the date of the contract with John N. Pettibone. The commissioner, in pursuance of this reference, reported $1338.16 of the judgment to have been for labor, and the balance for materials, and set forth specifically the amount of stock in the company held by each of defendants when the contract was entered into; and thereupon a decree was made that "defendants are jointly and severally liable to complainant for the sum of $1338.16," "and also for the costs of this suit to be taxed, and that complainants have execution therefor against the said defendants." And further, "that said defendants are severally liable to the said complainant" for the balance of said judgment "to the extent of the stock owned by each of said defendants respectively at the time the debt was contracted upon which said judgment was rendered" (setting forth the specific liability of each upon this basis), "and that complainant have execution for" the same "against each and every of said defendants to the extent to which they are respectively liable, as above set forth."

Defendants appealed from this decree.

*M. E. Crofoot*, and *A. B. Maynard*, for defendants:

1. The statute makes all the stockholders jointly and severally liable, in their individual capacity, for labor. All must, therefore, be sued jointly, or *one* severally.

2. A stockholder, under this act, is only liable (except for labor) to the amount of the stock held by him; and this whether paid in assessments, or to a creditor of the company, or in any other manner, if paid for the purposes of the corporation. The court should therefore have directed the commissioner to report the amount paid by each defendant upon his stock, and should have made the decree for the payment of the balance of the amount.

*George Andrews*, and *S. T. Douglass*, for complainant.

MARTIN Ch. J.:

The defendants, with some eighty-nine others, formed an association, styled "The Novi and White Lake Plank Road Company," under the act of 1851. A judgment was obtained against the company by the assignor of the complainant, for work and labor done, and for other indebtedness, to the amount of about three thousand four hundred dollars, and an execution was issued thereon, and returned unsatisfied, except as to the sum of twenty-two dollars. Thereupon this bill was filed against the stockholders, to recover the amount of the judgment. A general demurrer was interposed to the bill, and it is now urged that the bill should be dismissed for want of proper parties; the defendants insisting that all the shareholders should have been made defendants to the suit.

A careful examination of the statute, and a consideration of its purposes, satisfies us that the liability created by the statute is in no sense joint. The section creating it is as follows: "The stockholders of every company incorporated under this act, shall be jointly and severally liable in their individual capacity for all labor performed for such company; and shall also be liable for the payment of the debts of such company for an amount equal to the amount of stock they have severally subscribed or held in said company, to be recovered of the stockholder who is such when

the debt is contracted, or of any subsequent stockholder."
—1 *Comp. L. p.* 618, §1916.   This section creates no joint
liability, co-extensive with the claim of the plaintiff, except
in the case of labor performed: in any other case it is
confined to the amount of the defendant's stock.   As to
the liability for work and labor, it is not created by per-
sonal obligation, but by statute; and its character must be
ascertained by a consideration of the whole law.   Now,
it is not contended, nor can it be successfully, as we think,
that the complainant, in a case like the present, can not
recover against stockholders for labor performed, and also
for debts contracted for other considerations, in the same
action;   and if such be the case, it follows that the
Legislature could not have intended to employ the words
"jointly and severally" in their strict technical sense, when
applied to the liability for labor, and so as to create the
same necessity for making all the stockholders parties, as
would exist at law in the case of joint obligors and pro-
missors.

This view is strengthened by a consideration of those
portions of the statute which provide for and govern these
proceedings in chancery against the individual stockholders.
Sec. 1918 of chap. 65 provides, that no such proceedings
shall be had against them until after a judgment against the
company, and the return of an execution unsatisfied in whole
or in part, or until the company shall have been dissolved;
and further provides that "Any stockholder who may have
paid any debt of said company, either voluntarily or by
compulsion, shall have a right to sue and recover of such
company the amount thereof, with interest, costs, and ex-
penses; and any such stockholder who may have paid as
aforesaid, shall have a right to bring an action against, and
recover of, the rest of the stockholders, *or any one or more
of them*, the due proportion thereof which such stockholder
or stockholders ought to pay; and if such action for contri-
bution shall be brought against more than one stockholder,

the judgment and execution shall specify the amount to be recovered and collected from each defendant." And sec. 2161 of chap. 73, p. 703, enacts that in cases where the officers and members of a corporation shall be liable for any of its debts, or shall be liable for contribution, the same may be recovered by bill in chancery, and that such court "may make all such orders and decrees therein as may be necessary to do justice between the parties."

Reading all these provisions together, it is very clear that they give to a creditor a right, in a case like the present, to sue and collect from one or more of the stockholders, the amount of his demand; a contrary construction of the law would, in many, and perhaps in most, instances, render it impotent to afford a remedy, as the great number of stockholders in many of these associations, their liability to be scattered all over the country, and the consequences of the death of any of them, before or pending the litigation, would render a joinder of all frequently an impossibility, and always of so d btful and expensive a nature as to deter a plaintiff from pursuing the remedy. But were the liability of the stockholders to be construed as strictly joint and several, we think the objection for want of parties could not prevail in equity, as it is a well settled rule that when it is apparent that the parties who may be affected by the decree are very numerous, and that to require the joinder of all who may be interested will be virtually to deny any remedy to a complainant, their joinder will not be insisted upon. — See 2 *Pet.* 483, 487, 488.

The next, and principal, question arises upon the construction of the statute creating the liability (§1916, *supra*). The defendants insist, that, by a correct construction, this section imposes upon the stockholder a liability equal only to the amount of his stock, less the sum paid in thereupon, except for labor performed, for which, it is conceded, he is liable, irrespective of the amount of his stock, or the payments thereon: that, if the whole stock had been paid in,

no liability would exist against the holder of such stock, for general debts, and if but a part had been paid in, then the liability would be determined by the amount remaining unpaid.

The statute can receive no such construction. The stock, when paid in, either wholly or in part, becomes a portion of the corporate property; and as this remedy against the stock-holders can only be pursued after judgment against the company, and the return of an execution unsatisfied, wholly or in part, the presumption is that this has been already reached by the execution, or that it has been otherwise appropriated. If it has not all been paid in, a court of equity, upon long established and well settled principles, would compel its collection by the directors of the company, as a fund for the benefit of creditors.

The effect of the construction contended for by the de-fendants is that the Legislature intended nothing by this provision, as the stockholders are liable to the extent con-tended for, by virtue of their subscription, and under the common law.

It was to extend this liability beyond that incident to their subscription to the stock, or subsequent purchase, and to impose upon them an additional individual liability to creditors, that this provision was inserted in the law. They are liable individually, whether subscribers or purchasers, to the extent of their stock, above their liability in their cor-corporate capacity. Such liability for general debts is precise-ly the same in character as that for labor performed, with this difference only, that for general debts it is limited to the amount of their stock, while for labor performed for the company it is limited only by the amount of the de-mand.—See *Briggs v. Penniman*, 8 *Cow.* 395.

The decree must be affirmed, with costs.

CHRISTIANCY and CAMPBELL JJ. concurred. MANNING J. did not sit, having been counsel in the cause.