THE CITY OF TROY, PLAINTIFF, *v.* JOHN WINTERS, DEFENDANT.

*Chap.* 598, 1870 — *City of Troy — power of to prescribe fire limits — committee of common council — powers of — common council cannot delegate powers conferred upon it by charter.*

The city of Troy is authorized by its charter to control the construction of buildings as to materials, to prescribe the limits within which wooden buildings shall not be built, and to impose a penalty not exceeding $500 for a violation of any ordinance.

The defendant applied to the common council for permission to erect a wooden building within the fire limits. It appears from the minutes of the common council that his application was referred to a committee, two members of which subsequently signed and gave to the defendant a permit to erect the building.

In an action to recover the penalty for a violation of the fire law, *Held*, (1.) That it did not appear that the committee had any power except to examine and report to the common council. (2.) That even if it had authority to authorize the erection of the building, that, as the permit was signed by two only, and it did not appear that the other members had been notified of the meeting, it was invalid. (3.) That the common council could not confer such authority upon a committee, as it could not delegate to a committee or to third persons the trust and duty imposed by law upon itself.

The case of *The Mayor of Hudson* v. *Thorne* (7 Paige, 261) distinguished.

MOTION for a new trial after a verdict rendered for the plaintiff upon exceptions ordered to be heard in the first instance at the General Term.

The defendant applied to the city of Troy for leave to erect a wooden building in that city. After the application had been referred to a committee of the common council, as is stated in the opinion, the following paper, signed by two members thereof, was given to the defendant :

Consent is hereby given to John Winters to erect a two story wooden building, on lot number 24, North Third street, ————, said building to have a tin roof, and to be filled in with brick.

                                        JOHN MARR.
                                        THOMAS McMANUS.
Dated TROY, *Oct.* 10, 1871.

The other facts are stated in the opinion.

*R. A. Parmenter*, for the plaintiff.

*John H. Colby*, for the respondent.

BOARDMAN, J. :

It is conceded that defendant erected a wooden building within the fire limits of the city of Troy; that the erection of wooden buildings within such limits was forbidden by an ordinance of said city, at the time of such erection; that the penalty for the violation of such ordinance was $300. The defendant interposes defense as follows :

1st. That the city had no right or authority to pass such ordinances, and

2d. That he had lawful authority from said city to build such dwelling-house.

The authority to pass such ordinances, and to impose the penalty, is conferred by the charter of the city. *

Municipal corporations derive their powers from their charters. They can exercise no authority beyond that expressly given, or necessarily implied from the act of incorporation. But no doubt can exist in this case. The legislature has plainly, and in express words, given the plaintiff the power to control the construction of buildings, as to materials; to prescribe the limits within which wooden buildings shall not be built, and to prescribe the penalty, not exceeding $500, for a violation of any ordinance. The case of *Mayor of Hudson* v. *Thorne,*† is not an authority in point, for two reasons; first, because the charter of the city of Hudson did not give the city the power to restrict the erection of wooden buildings within the city; and secondly, because what was said in that respect by the chancellor, was *obiter*. The case was decided upon the ground, that a court of equity would not, by injunction, enforce the ordinances of a municipal corporation, unless the act sought to be restrained, was a nuisance. Then it would be restrained, because it was a nuisance, and not because it was a violation of a city ordinance.

We conclude, therefore, that the city had the right to pass and enforce the ordinances in question.

No evidence was given, of any consent by the common council of the city to build the house of defendant. All the evidence that could have any tendency to prove such consent, was rejected. If it was not error to reject such evidence, or if such evidence, being admitted, would not show, or tend to show, the necessary consent, the recovery of the plaintiff was correct.

All that the defendant attempted to prove, was a reference of his application to the proper committee with power. The minutes of the common council show a reference to such committee, but it does not thereby appear that the committee had any power in the matter, except that ordinarily possessed to examine and report. These minutes had been examined and approved at a later meeting of the board. So they may be presumed to be correct, and to

* Laws of 1816, 129, §§ 2, 15, amended in Laws of 1834, pp. 556, 557, §§ 11, 12, 13, and Laws of 1870, p, 1384–85, § 3.

† 7 Paige, 261.

express correctly the action of the board. In that event, no authority was ever given the defendant. The committee certainly could not give such authority, in the absence of any delegated power. Nor could a power be given to the committee, in excess of the power possessed by the common council. The power attempted to be proved, did not conform to the requirements of the ordinances of the city. By such ordinances, no application could be entertained unless notice of such application, and of the time of making it, had been published in two or more issues of a daily paper, in said city. This had not been done. The common council could not give the defendant the requisite authority, unless three-fourths of *all* the members concurred. It was not shown, or offered to be shown, that such a number was present, or concurred in any action taken on defendant's application.

Besides, if power were given to the committee, it was a power to be exercised by the committee jointly and not severally. So far as appears, there was no meeting of the committee to take action in this matter, nor does it appear that the two, who signed, were together when they signed the consent, or that the third member had notice of any meeting, or had an opportunity to be present. It is a familiar rule, that when an authority is given to several to do an act requiring discretion and judgment, all must meet and consult together, or notice must have been given of the meeting, to such as were absent, to make their action valid.

Again, the common council was the plaintiff's agent. It could not delegate to a committee, or to third persons, the trust and duty imposed by law upon itself. Whether the defendant should be permitted to build his house of wood, within the fire limits, involved the exercise of discretion and judgment. The rights of others, and the safety of other property, were to be considered, and, if necessary, protected. That discretion and judicial action had been committed, by the legislature, to the common council, as the agent of the city. The common council could not divest itself of its responsibility and clothe another with it. *

It results from the foregoing remarks, that if all the evidence offered by the defendant had been admitted, no defense to this

* Grinell v. Buchanan, 1 Daly, 538, and cases cited; 2 Kent, *633; Com. Bank v. Norton, 1 Hill., 501.

action would have been established. It is not, therefore, necessary to consider whether the evidence offered was admissible. Following the same line of reasoning, it would seem that the evidence was properly rejected, and was not admissible for any purpose.

The motion for a new trial must therefore be denied, and judgment ordered for the plaintiff, upon the verdict, with costs.

BOCKES, J., concurred.

New trial denied and judgment ordered for plaintiff, with costs.