## CITY OF TROY v. WINTERS.

*Municipal corporation — ordinance forbidding erection of wooden buildings — consent of common council in special case. Evidence.*

A city, pursuant to its charter, passed an ordinance prescribing the limits within which wooden buildings should not be built, and the penalty for a violation of the ordinance. *Held*, that the ordinance was valid.

It seems that the common council of a city, where an ordinance exists forbidding the erection of wooden buildings within certain limits, cannot delegate to a committee the power conferred by the charter to give a consent that a wooden building may be erected within such limits.

In an action by a city for the violation of an ordinance forbidding the erection of wooden buildings within certain limits, the defendant claimed that he had the consent of the common council to 'erect a wooden building. It appeared that notice of defendant's application for consent had not been published in the manner required. Defendant offered to show that his application had been referred by the common council to a committee with power. But the consent given by the committee was not signed by all the members of the committee. *Held*, that the offer was properly rejected.

MOTION for a new trial upon exceptions ordered to be heard in the first instance at general term. The action was brought by the city of Troy against John Winters to recover a penalty for an alleged violation of an ordinance of the city of Troy, restraining the erection of wooden buildings within certain limits. The opinion states the case. The court directed a verdict for plaintiff. Defendant excepted.

*R. A. Parmenter*, for plaintiff.

City of Troy v. Winters.

. *John H. Colby*, for defendant, cited *Mayor of Hudson* v. *Thorne*, 7 Paige's Ch. 261; Dillon on Municipal Corp.( 2d ed.), §§ 55, 237; *Tyler* v. *Griswold*, 2 Green (N. J.), 222 ; *Sharp* v. *Mayor of New York*, 40 Barb. 257 ; *Akin* v. *Blanchard*, 32 id. 527.

BOARDMAN, J.   It is conceded that defendant erected a wooden building within the fire limits of the said city of Troy ; that the erection of wooden buildings within such limits was forbidden by an ordinance of said city, at the time of such erection, and that the penalty for the violation of such ordinance was $300.   The defendant interposes defenses as follows :

1st.  That the city had no right or authority to pass such ordinances; and, 2d.  That he had lawful authority from said city to build such dwelling-house.   The authority to pass such ordinances and to impose the penalty is conferred by the charter of the city.  Laws of 1816, chap. 35, §§ 2, 15, amended in Laws of 1834, chap. 296, §§ 11, 12, 13, and Laws of 1870, chap. 598, tit. 3, § 3.

Municipal corporations derive their powers from their charters.  They can exercise no authority beyond that expressly given or necessarily implied from the act of incorporation. · But no doubt can exist in this case.   The legislature ·has plainly and in express words given the plaintiff the power to control the construction of buildings as to materials, to prescribe the limits within which wooden buildings shall not be built, and to prescribe the penalty, not exceeding $500, for a violation of any ordinance.   The case of *Mayor of Hudson* v. *Thorne*, 7 Paige, 261, is not an authority in point for two reasons, first, because the charter of the city of Hudson did not give the city the power to restrict the erection of wooden buildings within the city, and, secondly, because what was said in that respect by the chancellor was *obiter*.   The case was decided upon the ground that a court of equity would not, by injunction, enforce the ordinances of a municipal corporation, unless the act sought to be restrained was a nuisance.   Then it would be restrained because it was a nuisance, and not because it was a violation of a city ordinance.   We conclude, therefore, that the city had the right to pass· and enforce the ordinance in question.

No evidence was given of any consent by the common council of the city to build the house of defendant.   All the evidence that could have any tendency to prove such consent was rejected.   If it was not error to reject such evidence, or if such evidence being

admitted would not show or tend to show the necessary consent, the recovery of the plaintiff was correct. All that the defendant attempted to prove was a reference of his application to the proper committee with power. The minutes of the common council show a reference to such committee, but it does not thereby appear that the committee had any power in the matter, except that ordinarily possessed to examine and report. These minutes had been examined and approved at a later meeting of the board. So they may be presumed to be correct and to express correctly the action of the board. In that event, no authority was ever given the defendant. The committee certainly could not give such authority in the absence of any delegated power. Nor could a power be given to the committee in excess of the power possessed by the common council. The power attempted to be proved did not conform to the requirements of the ordinances of the city. By such ordinances no application could be entertained unless notice of such application and of the time of making it had been published in two or more issues of a daily paper in said city. This had not been done. The common council could not give the defendant the requisite authority unless three-fourths of *all* the members concurred. It was not shown or offered to be shown that such a number was present or concurred in any action taken on defendant's application.

Besides, if power were given to the committee, it was a power to be exercised by the committee jointly and not severally. So far as appears, there was no meeting of the committee to take action in this matter, nor does it appear that the two who signed were together when they signed the consent, or that the third member had notice of any meeting or had an opportunity to be present. It is a familiar rule that when an authority is given to several to do an act requiring discretion and judgment, all must meet and consult together or notice must have been given of the meeting to such as were absent to make their action valid. Again, the common council was the plaintiff's agent. It could not delegate to a committee or to third persons the trust and duty imposed by law upon itself. Whether the defendant should be permitted to build his house of wood within the fire limits involved the exercise of discretion and judgment. The rights of others and the safety of other property were to be considered, and if necessary, protected. That discretion and judicial action had been committed by the legislature to the common council as the agent of the city. The common council

could not divest itself of the responsibility and clothe another with it. *Grinell* v. *Buchanan*, 1 Daly, 538, and cases cited; 2 Kent's Com. 633; *Commercial Bank* v. *Norton*, 1 Hill, 501.

It results from the foregoing remarks, that if all the evidence offered by the defendant had been admitted, no defense to this action would have been established. It is not therefore necessary to consider whether the evidence offered was admissible. Following the same line of reasoning, it would seem that the evidence was properly rejected, and was not admissible for any purpose.

The motion for a new trial must therefore be denied and judgment ordered for the plaintiff upon the verdict, with costs.

*Ordered accordingly.*