THE VILLAGE OF DEPOSIT, RESPONDENT, *v.* WILLIAM
T. PITTS AND CHARLES H. PITTS, APPELLANTS.

*Village — power of, to restrain sales at auction and to impose a penalty of not less
than one dollar nor more than ten dollars for a violation of its ordinance — What
is an auction.*

Subdivision 18 of section 5 of chapter 330 of 1873, the charter of the village of
Deposit, authorized the board of trustees " to regulate, restrain or prohibit
sales by auction, except sales by legal proceedings, and to grant licenses to
auctioneers." The board passed an ordinance providing that no person should
" offer any goods or property for sale by public auction, except residents,
unless having a license from the president of the village. The terms of such
licenses shall be at the discretion of the president."

*Held,* that the ordinance, so far as it prohibited sales without a license, was author-
ized by the charter and was valid.

*Quære,* however as to the provisions leaving the terms of the licenses to the dis-
cretion of the president.

The ordinance provided that any person offending against its provisions should
be liable to a penalty of not less than one dollar, nor more than ten dollars,
for each offence.

*Quære,* whether it imposed more than a penalty of one dollar for each offence.

The defendant put up goods for sale, at a certain price, and if they were not
taken at that price offered them again at a lower one, and so on until they
were taken or withdrawn.

*Held,* that this was a sale at auction within the meaning of the charter and
ordinance.

APPEAL from a judgment of the Broome County Court, affirm-
ing a judgment of a justices' court in favor of the plaintiff.

The action was brought to recover a penalty given by section 21
of the ordinances of the village of Deposit, which provides that
" no person shall offer any goods or property for sale by public
auction, except residents, unless having a license from the president
of the village. The terms of such license shall be at the discretion of
the president ; it shall not be less than one dollar, nor more than
ten for each day. Any persons violating this provision shall be
liable to a penalty of not less than one dollar, nor more than ten
dollars for each offence, and shall be subject to arrest by the
authorities of the village if they do not desist or refrain when
requested or directed by any of the trustees."

Subdivision 18 of section 5 of chapter 330 of 1873, the charter

of the village authorized the board of trustees, "To restrain and prevent hawking and peddling in the streets, to regulate, restrain, or prohibit sales by auction, except sales by legal proceedings, and to grant licenses to auctioneers."

The evidence shows that defendants put up goods for sale, offering them at one price, when, if they were not taken at that price, they offered them again at a lower price, and so continued until finally, if they were not taken before, they stated their lowest price, and sold the goods, or reserved them for another occasion. On this evidence the justice rendered a judgment in favor of the plaintiff, and against the defendants, for six dollars damages and $2.35 costs.

*Penrie & Wales*, for the appellants. The ordinance is invalid. (*The Mayor of Hudson* v. *Thorne*, 7 Paige, 261; Dillon on Mun. Corp., §§ 256, 630; *Trustees of Canajoharie* v. *Buel*, 43 How., 155; *Commonwealth* v. *Stodder*, 2 Cush., 562; *Gould & Co.* v. *Mayor of Atlanta*, 55 Geor., 678; *Mayor of Nashville* v. *Althrop*, 5 Cold. [Tenn.], 554; Cooley's Constitutional Limitations, 201; *Hayden* v. *Noyes*, 5 Conn., 391; *Dunham* v. *Trustees of Rochester*, 5 Cow., 462; *Hayes* v. *City of Appleton*, 24 Wis., 542; *Mayor of New York* v. *Second Avenue R. R.*, 32 N. Y., 261; *S. C.*, 21 How., 260; Dillon on Mun. Corp., § 609; *Brown* v. *Maryland*, 12 Wheat., 419; Cooley's Const. Lim., 586; *People* v. *Edmonds*, 15 Barb., 534; *Ward* v. *Maryland*, 12 Wall., 429; *Freeholders of Essex* v. *Barber*, 2 Halst. [N. J.], 64; Cooley on Const. Lim., 88, 20; *Ex parte Burnett*, 30 Ala., 461; *Craig* v. *Burnett*, 32 id., 728; *Reed* v. *People*, 1 Park [Cr. R.], 493.) The defendants were not selling by auction. (Webs. Dic.; Burrill L. Dic., 162; *Cruso* v. *Crisp*, 3 East, 337; *Walker* v. *Advocate General*, 1 Dow., 112; *Trust* v. *Delaplaine*, 3 E. D. Smith, 219; *Minturn* v. *Main* [3 Seld.], 7 N. Y., 220; Abb. New Digest, vol. 1, 404, § 24; *Meech* v. *Bennett*, Hill & D. Supt., 191; *McCluskey* v. *Cromwell*, 11 N. Y. [1 Kern.], 593.) As it is a penal ordinance in favor of a corporation and is in derogation of common right, it should be strictly construed. (*Bridgewater and Utica P. R. Co.* v. *Robbins*, 22 Barb., 662; *Cayuga Bridge Co.* v. *Magee*, 2 Paige, 116; *Beatty* v. *Lessee of Knowler*, 4 Pet. [U. S. S. C.], 152; *Wright* v. *Briggs*,

2 Hill, 77; *People* v. *Lambier*, 5 Denio, 9; *Sprague* v. *Birdsall*, 2 Cow., 419.)

*Alex. Cumming*, for the respondent.

LEARNED, P. J.:

It is not necessary to inquire whether, without special authority in the charter, the board of trustees could have passed the by-law in question. They are specially authorized to restrain or prohibit sales by auction. And they did prohibit such sales. They were authorized to grant licenses to auctioneers; and of course such license, when granted, relieved the licensed parties from the prohibition.

If they had a power to grant licenses to auctioneers, this must have meant a license to sell at auction. The ordinance speaks of a license to sell at auction; the charter of licenses to auctioneers. The expressions are the same in meaning. A license to sell at auction is a license to be an auctioneer for the time.

The defendants urge that the board of trustees could not delegate the power of licensing to the president. Whether they could or not does not seem to be material. The defendants are sued for selling at auction without a license. Their answer is, that the president had no authority to license them, but that the authority was in the board of trustees. Then they should have obtained a license from the board. The board of trustees has not given them a license, nor has the president. If he had no power to give a license, it may possibly be that auctions are absolutely prohibited in the village. This is not a case where something is claimed against the defendants on the ground of the affirmative action of the president. It is, therefore, unlike *Birdsall* v. *Clark* (6 N. Y. Week. Dig., 428). In fact, by the charter itself, the president is to execute licenses. (Law 1873, chap. 330, tit. 5, sect. 2.)

There is no doubt that the sales conducted by the defendants were auctions. They offered the property at a certain high price and then gradually lowered the price till some one accepted it as a purchaser.

A question of some difficulty is, whether an ordinance can impose a variable penalty, as for instance, a penalty of not more

than ten dollars, nor less than one dollar. It is at least doubtful whether such an ordinance imposes anything more than a penalty of one dollar for each offence. But the recovery was only for six dollars; and several offences were proved. It does not appear that the defendants insisted on this point at the trial. And we cannot say that anything more than one dollar was recovered for each offence. We think that the defendants, if they relied on this defence at the trial, should have stated it distinctly.

Some cases are cited by the defendants which are thought to show that the ordinance was void.

*Dunham* v. *Trustees* (5 Cow., 462), is a case where the act authorized the trustees to "make such prudential by-laws," etc., as they might deem proper, * * * "relative to taverns, gin shops and huckster shops." A by-law was passed imposing a penalty on every person keeping a huckster shop without license. The court held that the by-laws were to be "prudential," and that it was not shown how the huckster shops could be an evil. The statute, in the present case, does not contain the word "prudential," and expressly authorizes the trustee to prohibit auctions.

*The Mayor* v. *Thorne* (7 Paige, 261), decided that an injunction was not a proper remedy to enforce obedience to a by-law.

*The Trustees* v. *Buel* (43 How., 155), held that a resolution, that a certain individual should remove an awning under a penalty named, was not an ordinance under the meaning of the charter.

In the case of *Commonwealth* v. *Stodder* (2 Cush., 562), there was nothing in the statute authorizing the city to grant licenses; the only authority being to adopt rules "for the due regulation" of omnibusses, etc. And it was held that the requirement of the payment of money as a condition of receiving a license was not legal. It will be seen, therefore, that the city was by the statute neither authorized to prohibit the running of omnibusses nor to require a license therefor. While the statute, now in question, expressly authorizes the trustees to prohibit auctions, and also to grant licenses to auctioneers. And it would seem to follow that if the trustees can absolutely prohibit auctions, they can specify the terms on which they will grant licenses.

Thus it will be seen that the cases relied upon by the defendants differ from the present in this respect, that here the trustees were

acting under authority conferred by the express language of the statute.

The judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOARDMAN and FOLLETT, JJ.

Judgment affirmed, with costs.