[Filed January 12, 1891.]

# F. HUBBARD v. THE TOWN OF MEDFORD.

MUNICIPAL CORPORATIONS—POWER TO PREVENT FIRES—FIRE LIMITS.—The grant to a municipal corporation of power to provide for the prevention and extinguishment of fires, necessarily implies the right to establish fire limits and prohibit the erection of wooden buildings therein.

Jackson county: L. R. WEBSTER, Judge.

Plaintiff appeals.    Affirmed.

In October, 1889, the common council of the town of Medford duly passed an ordinance for the prevention of fires and the protection of persons and property endangered thereby, which, among other things, established fire limits and provided that no wooden buildings should be built within said limits.    On February 24, 1890, the plaintiff was tried and convicted before the recorder's court for a violation of the provisions of said ordinance and fined fifty dollars.    On a writ of review this judgment was affirmed by the circuit court of Jackson county, from which judgment this appeal is taken.

*H. K. Hanna*, for Appellant.

*Francis Fitch*, for Respondent.

BEAN, J.—The only question which we are required to decide in this case is, does the city of Medford have authority under its charter to establish fire limits and prohibit the erection of wooden buildings therein?    The provisions of the charter of Medford, so far as they are applicable to the case in hand, are as follows.    "The board of trustees shall have power:  1. To adopt resolutions and by-laws and make ordinances not repugnant to the laws of this state or of the United States.  7. To regulate the storage of gunpowder, tar, pitch, resin and all other combustible materials, and the use of candles, lamps and other lights in stores, shops, stables, and other places; to prevent, remove and secure any fire-place, stove, chimney, oven or boiler or other apparatus which may be dangerous in causing fire and to provide for the prevention and extinguishment of fires. 10 To prevent and restrain any riot or disorderly assem-

blage in any street, house or place in town, and to provide for the public security, peace and tranquility; to provide and maintain either or both a day and night police; to regulate the rate of speed upon all railroads within the corporate limits of the town." (Laws, 1889, 363.) The contention of appellant is, that before a municipality can establish fire limits and prohibit the erection of wooden buildings therein, the power to do so must be conferred by express legislative grant, and that since no such express grant is contained in the charter of defendant, the ordinance in question is void. A municipal corporation can exercise no powers but such as are granted in express terms, or necessarily or fairly implied as incident to those expressly granted or essential to the manifest object and purposes of the corporation. The charter is its organic law. From its charter its powers are originally derived, and to its charter every attempted exercise of power must be ultimately referred. As its powers are conferred by its charter so they are necessarily limited by it, and the corporation is prohibited from exercising those which are not authorized. Any act or attempted exercise of power which transcends the limits expressed or necessarily inferred from the language of the charter, is beyond the authority of the corporation and is therefore void. (*Corvallis* v. *Carlile,* 10 Or. 139, 45 Am. Rep. 134; Dillon on M. C. § 89.) While a corporation can exercise no powers but such as are expressly conferred by the act by which it is incorporated, or are necessary to carry into effect the powers thus conferred, or are essential to the manifest object and purposes of the corporation, yet when an express power is granted there is also impliedly granted the power necessary to carry it into effect. (*Portland* v. *Schmidt,* 13 Or. 17.) The charter of defendant expressly confers upon it the power "to provide for the prevention and extinguishment of fires." The grant of this power necessarily carries with it the power to enact any and all reasonable rules, regulations or ordinances necessary to carry into effect the powers thus granted. The object sought to be accomplished by this

provision is the prevention of damages to, and destruction of property by, fire, and unless the municipality, through its constituted authorities, has the power to enact ordinances necessary to accomplish that purpose, the grant is of no avail.   The power to provide for the prevention of fires is granted in express terms, but the mode of exercising it is vested in the trustees, who are the chosen representatives of the whole people, and the sole legislative body of the corporation.   They are presumed to act for the best interests of the entire inhabitants of the town.   The power, however, being an implied one, all ordinances passed in virtue of it must be reasonable and not oppressive, and must be reasonably calculated to attain the object sought, that is, the prevention of fires.   (Dillon on M. C. (4 Ed.) §§ 319, 327.) The prevention of fires is of prime importance to every community.   Every precaution possible should be taken to prevent the destruction of property and the danger to life incident to conflagration, and for this purpose as great a degree of interference with personal rights is permitted as under any other power of a municipal corporation.   In cities and densely populated towns the first step usually taken is, to establish fire limits and prescribe the material of which buildings erected therein shall be constructed.   Owing to the extreme importance of such regulations and the necessity therefor, it has been held that municipal corporations have the power to enact ordinances of this kind under their general police powers. (Dillon on M. C. (4th ed.) § 405; Horr & Bemis on Police Powers, § 222; *Mayor* v. *Hoffman*, 29 La. Ann. 651, 29 Am. Rep. 345; *Wadleigh* v. *Gilman*, 12 Me. 403, 28 Am. Dec. 188; *Baumgartner* v. *Hasty*, 100 Ind. 575, 50 Am. Rep. 830.)   These authorities proceed largely upon the theory that the erection of wooden buildings in cities and towns compactly built would be so imminently dangerous to surrounding property that the public necessity requires that they be prohibited.

The authorities on this question are, however, not harmonious, and there are many decisions holding a contrary doctrine to those above referred to. (*Mayor* v. *Thorne*, 7 Paige, 261;

*Rye* v. *Peterson*, 45 Tex. 312, 23 Am. Rep. 608; *City of Keokuk* v. *Scroggs*, 39 Iowa, 447; *Kneedler* v. *Norristown*, 100 Pa. St. 368, 45 Am. Rep. 383.) But none of these cases except *Mayor* v. *Thorne* holds that an express grant to a municipality of powers "to provide for the prevention and extinguishment of fires" does not confer the authority to establish fire limits and prohibit the erection of wooden buildings therein. The case of *Mayor* v. *Thorne* was a suit by the city of Hudson to enjoin the defendants from erecting a building upon a vacant lot owned by them, intended to be used as a hay-press, in violation of a city ordinance, and was decided in 1838. What was said by Chancellor WALWORTH in relation to the power of the city to restrict the erection of wooden buildings has been considered as *dicta* and the authority of the case on that question much impaired by the criticism it has received by the courts and text writers. But it is unnecessary for us to pursue the examination of the question of the right of a city to enact ordinances of this kind under general police powers any further or express any opinion thereon. The charter of defendant expressly grants to it the power to prevent fires, which we think necessarily implies the right to establish fire limits and prescribe the kind of buildings to be erected therein. It was so held by CAMPBELL, J., in the case of *Alexander* v. *Town*, 54 Miss. 659, and ANDERS, C. J., in *City of Olympia* v. *Mann*, 1 Wash. St. 389.

The judgment of the court below must, therefore, be affirmed.