[L. A. No. 3456. In Bank.—March 13, 1915.]

### J. C. HADACHECK, Appellant, v. GEORGE ALEXANDER, Mayor of the City of Los Angeles, et al., Respondents.

MUNICIPAL CORPORATIONS—REASONABLENESS OF ORDINANCE—MOTIVE OF COUNCIL—ERRONEOUS INFORMATION OF COUNCILMAN—EVIDENCE.—In determining the question whether or not a municipal ordinance prohibiting the carrying on of a particular occupation within a restricted district is unreasonable and oppressive and therefore void, the mo·tives of the council in enacting the ordinance may not be inquired into, and consequently the court will not consider evidence that one of the councilmen by whose vote it was enacted had insufficient or erroneous information on the subject-matter of the ordinance.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank G. Finlayson, Judge.

The facts are stated in the ·opinion of the court.

G. C. De Garmo, J. W. McKinley, and W. R. Millar, for Appellant.

Albert Lee Stephens, City Attorney, John W. Shenk, City Attorney and Charles H. Hass, Deputy City Attorney, for Respondents.

THE COURT.—This is an action in which plaintiff sought a judgment in restraining the defendants from putting into operation a certain ordinance of the city of Los Angeles which, for convenience, may be called the "Brick Yard Ordinance." He failed to secure the judgment he sought and prosecutes this appeal from the adverse judgment entered against him.

Under writ of *habeas corpus* sued out by this appellant the general question of the validity of the ordinance was considered and decided against him. (*Ex parte Hadacheck,* 165 Cal. 416, [132 Pac. 584].) It is contended, however, that the decision on *habeas corpus* is not conclusive, for the reason that upon this appeal from a civil judgment evidentiary matters may be considered—matters not open for consideration under the writ, and that giving due consideration to those matters it will be determined that this ordinance is unreasonable and oppressive and therefore void. The evidence here referred to is quoted at length in the brief and consists, for the most part, of the declarations of one of the members of the city council of the city of Los Angeles who voted for the enactment of the ordinance in question. It is contended that the evidence of this councilman shows an ignorance of the actual conditions existing—an ignorance of the very boundaries of the district in which the maintenance of brick making was prohibited—an ignorance of operation of the ordinance upon all those to be affected by its terms and similarly situated to this appellant, sufficient to invalidate the ordinance, the contention herein being that the testimony of this councilman leads to the conviction that, at the instigation of some individuals, an ill-digested ordinance was hastily prepared and passed, to meet their complaints. It is, however, the general, if not the universal, rule that the motive of the legislator may not be inquired into. His conduct is to be judged by the expression which it takes in the enactment adopted, and, as was said in *Ex parte Hadacheck* 165 Cal. 420, [132 Pac. 586]: "Whether or not this trade, however strictly the manner of its conduct may be regulated, can be pursued at all in a residential district without causing undue annoyance to persons living in the district, is certainly a question upon which reasonable minds may differ. If this be so the propriety of entirely prohibiting the occupation

within such districts is one for the legislative determination. The courts will not substitute their judgment upon this issue for that of the legislative body."

Wherefore the judgment appealed from is affirmed.