[Civil No. 1640.  Filed May 21, 1919.]

[181 Pac. 170.]

## HATTIE L. MOSHER, Appellant, v. CITY OF PHOENIX, a Corporation, and HERBERT J. MANN, Appellees.

1. MUNICIPAL CORPORATIONS — PRESCRIBING FIRE LIMITS AND CHARACTER OF BUILDINGS—REVIEW.—The city of Phoenix, under Civil Code of 1913, paragraph 1897, subsection 17, having the power to prescribe fire limits and to regulate the kind of materials to be used and the character of buildings to be erected, the right of the city to exercise such power may not be questioned.

2. MUNICIPAL CORPORATIONS—PRESCRIBING FIRE LIMITS—INQUIRY INTO MOTIVES.—Courts, on complaint of a property owner, will not inquire into the motives or purposes of a city commission in prescribing fire limits and stipulating as to the character of buildings to be erected therein.

   [As to building wooden structures in fire limits, see note in 78 Am. St. Rep. 240.]

APPEAL from a judgment of the Superior Court of the county of Maricopa.  Frank H. Lyman, Judge.  Affirmed.

Mr. J. B. Woodward, for Appellant.

Mr. R. E. Sloan, City Attorney, for Appellees.

ROSS, J.—From an order sustaining a general demurrer to appellant's complaint, and a judgment dismissing her complaint and awarding costs to appellees, this appeal is prosecuted.

The complaint sets forth in substance that appellant is the owner of real estate in Phoenix with a frontage of 352 feet on Central Avenue, extending back 300 feet between Taylor and Polk Streets; that the property is on the fringe of the business section of Phoenix, too near the same and the taxes thereon too heavy to justify the use of said property as residence property, and at the same time is too far removed from the business to warrant a placing of permanent improvements thereon in the form of substantial business structures or blocks of business buildings; that appellant planned erecting thereon a colony or group of buildings at a "rental

price . . . within the command of all deserving mechanics'';
that in May, June and August, 1917, the city granted her
permits to build 13 buildings thereon under Ordinance 42;
that she proceeded to, and did, construct some of the build-
ings under permits; that by petty devices, appellee Mann, city
inspector, obstructed her building operations and caused her
serious loss, and with the aid of the city commission, has pre-
vented her from improving her property and debarred her
in the lawful use of same, thereby destroying and rendering
her property rights therein valueless, and is threatening to
tear down one or more of her buildings, and has caused her
arrest on the false assumption that she had transgressed the
laws of the city in the erection of buildings under permits;
that she has been arrested ''five times for the alleged cause
of building without a permit, and interior finish work on the
same,'' and has driven her workmen from the premises and
refused permission to continue work upon said buildings, and
has revoked five of the permits theretofore granted.

The allegation of conformity with the ordinances of the
city in the construction of buildings is as follows:

''That each building in process of completion, and to be
completed, is or will be built with cement floors, cement walks
leading to or around each building, and solid cement between
each building, the roof and side coverings to be used being
incombustible material, and all work conforming to the re-
quirements of said Ordinance [42], not one of which is a
menace by reason of its construction, or a fire risk, to the
neighboring property.''

The complaint sets forth Ordinance 42; also Ordinances
197, 198 and 199, passed September 10 and 11, 1917, as emer-
gency measures.

By Ordinance 42, the construction of frame and wooden
structures within the fire limits as established is prohibited,
except ''(B) one-story sheds confined to the rear half of the
property, not abutting on a street, and not nearer than 20
feet to any other structure.'' It further provides for the
height, size and material to be used in structures.

Ordinance 197 establishes a special fire limits district,
including in its boundaries appellant's property and a great
many other blocks of the city; the appellant's property there-
tofore being in the general fire limits.

Ordinance 198 defines the powers and duties of the city inspector of buildings, and vests in him large discretionary powers relating to the mode and manner of construction and material used in the erection, alteration and repair of any building or structure, and

Ordinance 199 amends subdivision B of Ordinance 42, quoted above, by providing, among other things, that "sheds must have no interior finish, such as wainscoting, ceiling, and the like."

Appellant asserts in her complaint that these ordinances and their enforcement by the city authorities deprive her of her property without due process of law, in violation of section 4, article 2, Arizona Constitution and the Fourteenth Amendment to the federal Constitution, and prays that the appellees be restrained from interfering with her in any manner.

The particular defect or insufficiency of the complaint, for which the demurrer was sustained, is not disclosed by anything in the record nor by the briefs; but it is apparent that the allegations thereof, wherein appellant undertakes to inform the court that she has complied in the erection of her structures with Ordinance 42, omits stating that said structures were on "the rear half of the property," or that they were "not abutting on a street," or were "not nearer than 20 feet to any other frame structure," and omits to state that the prohibition contained in Ordinance 199 that "sheds must have no interior finish, such as wainscoting, ceiling, and the like," has not been violated.

If the city possessed the power to pass these ordinances, a property owner building on his property must observe them, and he cannot complain because the city authorities interfere to stop their violation. The general law of this state (paragraph 1897, subsec. 17, Civil Code 1913) empowers cities to establish fire limits and—

"To prescribe the thickness, strength and manner of constructing stone, brick and other buildings, and construction of fire escapes therein. It shall also be competent for the common council to fix and designate fire limits within which no buildings having outside wooden walls shall be constructed or repaired so as to increase their value beyond a percentage to be fixed in the ordinance; and the common council may,

by ordinance, prescribe special fire limits, within the general fire limits, within which special fire limits they may require such building material to be used and such additional precautions to be observed in the construction of new buildings, and the repairing and maintenance of said buildings, as they may from time to time designate, and for the prevention of fires and the spread and communication thereof; and to provide any proper remedy for the enforcement of such ordinance as may be passed in relation to fire limits or any particular provision thereof, and to that end they may provide for the appointment of a building inspector, designate his authority, fix his term of office and provide his compensation."

Among the powers vested in the city commission of the city of Phoenix, is—

"To prescribe fire limits and determine the character and height of buildings that may be erected therein and the nature of materials to be used in the construction, alteration or repair of such buildings, or in the repair or alteration of existing buildings within such fire limits." Subsection 9, § 2, c. 4, Charter of City of Phoenix.

The legislature having expressly granted the power to cities to prescribe fire limits and to regulate the kind of materials to be used and the character of buildings to be erected, the right of the cities to exercise that power may not be questioned. *City of Olympia* v. *Mann,* 1 Wash. 389, 12 L. R. A. 150, 25 Pac. 337; *Hubbard* v. *Medford,* 20 Or. 315, 25 Pac. 640; *Village of Ashley* v. *Ashley Lumber Co.* (N. D.), 169 N. W. 87; 28 Cyc. 736, 741; 19 R. C. L. 830, § 135.

It is the contention of appellant that the last three ordinances were enacted by the city commission for the sole purpose of annoying and harassing her, and to prevent and obstruct her free and lawful use of her property. The law seems to be well settled that the courts will not inquire into the motives or purposes of those whose duty it is to enact laws or ordinances. *Hadacheck* v. *Alexander,* 169 Cal. 616, 147 Pac. 259; 28 Cyc. 375.

It is also contended that these ordinances were passed as emergency measures, when, as a matter of fact no emergency existed, and that, therefore, they are not valid ordinances. It is not necessary that we decide this question, for, if they be left entirely out of consideration, still appellant has failed to present a case satisfying us that she has complied in mak-

ing her improvements, or that she proposes to comply, with the terms of Ordinance 42, against which no such objection is lodged.

From what we have said, it will appear that appellant's statement of her grievances is insufficient to invoke the equity powers of the court.

The judgment is therefore affirmed.

CUNNINGHAM, C. J., and BAKER, J., concur.

---

As to what is a sufficient compliance with the requirements of an ordinance that buildings within defined limits shall be constructed of noncombustible material, see note in 2 L. R. A. (N. S.) 483.