Argued July 10, decided July 14, rehearing. denied August 4, 1908.

## McKENNA v. CITY OF PORTLAND.

[96 Pac. 552.]

MUNICIPAL CORPORATIONS — AMENDMENT OF CITY CHARTER — CONSTITUTIONAL AND STATUTATORY PROVISIONS — SUBMISSION BY CITY WITHOUT INITIATIVE PETITION — VALIDITY.

By the amendment to the Const. Or., Art. XI, Section 2, adopted in June, 1906, the legal voters of every city and town were granted power to enact and amend municipal charters. At the same election Article IV was amended by inserting a new section (Section 1a), by which the initiative and referendum powers were further extended, and were also reserved to the legal voters of every municipality as to local legislation, the manner of exercising such powers to be prescribed by general law, except that cities and towns might provide for the manner of exercising the initiative and referendum powers as to their municipal legislation. Laws 1907, p. 405, § 10, provided that the act should apply in every city and town in all matters concerning the operation of the initiative and referendum in its municipal legislation on which it did not make conflicting provisions. By Laws 1907, p. 406, § 12, it was provided that amendments to any city charter might be submitted to the people by the city council with or without initiative petition. An amendment to the city charter of Portland was submitted by the council without initiative petition under the law of 1907. *Held*, that, in the absence of legislation by the city regulating the manner of submitting amendments to the city charter conflicting with the provisions of the general law, the amendment was properly submitted by the council, as the right of the voters of a city to enact or

amend their city charter existed by virtue of Article XI, § 2 of the Constitution as amended in 1906, and not by the initiative and referendum amendments, and, as such article vested in the voters the exclusive right to amend or enact a city charter, some law for the exercising of the power was necessary, and the law of 1907 adopted for that purpose was controlling in the absence of local legislation.

From Multnomah: JOHN B. CLELAND, Judge.

This is a suit by Francis I. McKenna against the City of Portland, to enjoin the municipality and its officers from issuing and disposing of certain bonds of the city for the purpose of enlarging the present water plant, as authorized by an amendment to the charter, adopted by the people in June, 1907. From an order overruling a demurrer to the complaint, defendant appeals.

REVERSED, AND DECREE ENTERED.

For appellant there was a brief over the names of *Mr. John P. Kavanaugh, Mr. Hayward H. Riddell, Mr. Frank S. Grant,* and *Mr. John J. Fitzgerald,* with oral arguments by *Mr. Kavanaugh* and *Mr. Riddell.*

For respondent there was a brief and an oral argument by *Mr. Seneca Smith.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

This suit is brought by a resident and taxpayer of the city of Portland, to enjoin the municipality and its officers from issuing and disposing of the bonds of the city, for the purpose of raising money with which to enlarge the present water plant, as authorized by an amendment to the charter adopted by the people in June, 1907. The amendment in question was proposed by the council, and by resolution of that body submitted to the people for adoption or rejection, without a petition from the voters to do so. Plaintiff claims that the council had no power or authority to initiate or submit an amendment to the charter on its own motion, and therefore the alleged amendment is void, and of no effect.

Portland was incorporated under a special act of the legislature, approved January 23, 1903 (Sp. Laws 1903,

p. 3), but in June, 1906, an amendment to Section 2, Article XI, Constitution, Oregon, was adopted, which provides:

"Corporations may be formed under general laws, but shall not be created by the legislative assembly by special laws. The legislative assembly shall not enact, amend or repeal any charter or act of incorporation for any municipality, city or town. The legal voters of every city and town are hereby granted power to enact and amend their municipal charter, subject to the Constitution and criminal laws of the State of Oregon."

At the same election Article IV of the Constitution was also amended by inserting after Section 1, and before Section 2, the following:

"Sec. 1a. The referendum may be demanded by the people against one or more items, sections or parts of any act of the legislative assembly in the same manner in which such power may be exercised against a complete act. The filing of a referedum petition against one or more items, sections, or parts of an act shall not delay the remainder of that act from becoming operative. The initiative and referendum powers reserved to the people by this Constitution are hereby further reserved to the legal voters of every municipality and district as to all local, special and municipal legislation of every character, in or for their respective municipalities and districts. The manner of exercising said powers shall be prescribed by general laws, except that cities and towns may provide for the manner of exercising the initiative and referendum powers as to their municipal legislation. Not more than ten per cent of the legal voters may be required to order the referendum, nor more than fifteen per cent to propose any measure, by the initiative, in any city or town."

At the succeeding session of the legislature an act was passed to carry into effect the provisions of Section 1 and Section 1a of Article IV of the Constitution, and the amendment granting to cities and towns the right to amend their charter, which provides that it "shall apply in every city and town in all matters concerning the operation of the initiative and referendum in its

52 OR.— 7

municipal legislation, on which such city or town has not made or does not make conflicting provisions" (Laws 1907, § 10, p. 405), and that "amendments to any city charter may be proposed and submitted to the people by the city council with or without initiative petition," etc. (Laws 1907, § 12, p. 406.)

The amendment to the charter of Portland, now under consideration, was proposed and submitted by the council in pursuance of, and in compliance with, the provisions of this law, but plaintiff contends that the law is void, in so far as it authorizes such a procedure. His position is that the right of the voters of a municipality to amend or enact a city charter is alone by virtue of the initiative powers reserved to the people by the initiative and referendum amendment of 1902, as made applicable to municipalities in 1906, and therefore an amendment to a city charter can be proposed only by a petition signed by the requisite number of voters, and any legislation providing a different procedure is void. The right of the voters of a municipality to enact or amend their city charter is not necessarily an initiative power. It exists by virtue of the provisions of Article XI, Section 2, of the Constitution, as amended in 1906, and not by the initiative and referendum amendments. By Article XI, Section 2, the exclusive right to enact or amend a city charter is vested in the voters. But, as no provision is made therein for the manner of exercising the power thus conferred, some law upon the subject was necessary to make it effective, and the law of 1907 was adopted for that purpose. The amendment to the Constitution granting to voters of municipalities the power to enact or amend their charters and the one extending the initiative and referendum to municipal legislation, were adopted at the same time. Both are parts of the Constitution, and they, so far as they relate to the same subject-matter, must be construed together. It was consequently held in *Acme Dairy Co.* v. *Astoria*, 49 Or. 520

(90 Pac. 153), that the provisions of Section 1a apply to amendments to a city charter under Section 2, Article XI, to the extent that the city council may, by ordinance, provide the manner of exercising the power of enacting and amending their charter, and for this purpose the two amendments should be read together. Thus construing them, Section 2, Article XI, is ·silent as to the method of exercising the powers granted by it to the voters of municipalities, while Section 1a authorizes the matter to be regulated by general laws, except that cities and towns may provide for the manner of exercising such powers as to their municipal legislation, the clear meaning of which, it seems to us, is that general legislation upon the subject will prevail, unless the city has exercised the powers ·given it by the Constitution and enacted some conflicting local legislation in reference to the matter.· Since it does not appear in this case that there is any legislation of the city of Portland conflicting with the provisions of the general law regulating the method and manner of submitting to the people amendments to the city charter, we are of the opinion. that the present amendment was properly submitted.

A contention is made by plaintiff that the legislation in question is not an amendment to the charter. It purports, on its face, however, and does in fact, amend section 227 of the charter as originally enacted by the legislature, by authorizing the issuance by the city of an additional bonded indebtedness, and, while in some of its terms it may conflict with other provisions of the charter, it, nevertheless, becomes a part thereof and valid as such.

It follows that the demurrer to the complaint should have been sustained, and a decree will be entered here accordingly.          Reversed, and Decree Entered.