Argued March 10, decided March 29. rehearing denied April 12, 1910.

## IRVING REAL ESTATE CO. *v.* CITY OF PORTLAND.

[107 Pac. 955.]

COURTS—DECISIONS—STARE DECISIS.

1. Where the Supreme Court held that an amendment to a city charter was valid, and costly improvements were made and bonds issued on the faith of the decision, the question would not be re-examined, especially where the party seeking to raise it had slept upon any rights he might have had, and to depart from the holding would disturb property rights.

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—ASSESSMENTS.

2. An amendment to a city charter provided that all water mains should be laid and assessed and paid for as provided in article 6 of the charter relative to sewers and drains, and that the provisions of Section 2727, B. & C. Comp., shall be applicable. Section 2727 provides that an assessment for a street improvement may be paid by installments. The method of constructing sewers, under article 6, is by assessment on adjacent property; but the particular method of making the assessment is contained in article 7. Articles 6 and 7 deal in their general scope with the same subject. They are sectionized consecutively, beginning with section 389 of the charter, and running to section 421. *Held* that, though article 7 was not mentioned in the amendment, its provisions were adapted for water main improvements.

From Multnomah: ROBERT G. MORROW, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is a suit brought by the Irving Real Estate Company against the city of Portland and its officers, to restrain the collection of a certain assessment for a water main, which the city is now attempting to collect under charter amendments passed at the general city election of 1907 and re-enacted in 1909. These amendments purport to give authority to levy and collect assessments for water

mains in the same manner as has been the law for sewers and drains since the passage of the charter in 1903. The complaint gives both amendments in full, with the proceedings that were had for their submission, passage, and adoption. It also sets out a proceeding for the construction and levy of an assessment for a water main, which, it is admitted, would have been sufficient under the charter if the proceeding had been for a sewer, but contends that the assessment is invalid, because neither of the two amendments were properly enacted, and, therefore, are not laws, and, further, that if they are laws they do not authorize the levy of an assessment for the construction of a water main. A demurrer to the complaint was sustained by the circuit court, and plaintiff appeals.

Affirmed.

For appellant there was a brief, with oral arguments by *Mr. R. B. Lamson* and *Mr. Richard W. Montague.*

For respondents there was a brief, with oral arguments by *Mr. John P. Kavanaugh* and *Mr. Frank S. Grant.*

Mr. Justice McBride delivered the opinion of the court.

1. The validity of this amendment to the charter was before this court in the case of *McKenna* v. *City of Portland,* 52 Or. 191 (96 Pac. 552), and we there held it was properly passed and was a valid and legal amendment. Therefore we decline to consider again that phase of the case. That case was decided in August, 1908, and was a matter of public and general notoriety. The amendment provided for a large bond issue, and authorized extensive public improvements, and it is fair to assume as probable, what all know to be the actual fact, that costly improvements have been made and bonds issued and sold upon the faith of that decision. Plaintiff has had ample time since August, 1908, to raise any question not fully presented in the case of *McKenna* v. *Portland,* and have it decided by this court. If it had any rights, it has slept upon them,

and we will not now reopen a question once decided, when the effect might be to disturb important property rights. The question is *stare decisis.*

"A deliberate decision on a point of law given in a case becomes authority in other like cases. It is then the highest evidence of what the law is applicable to the subject It should be followed, unless reversed by a superior court, or changed by the legislature, unless the law was manifestly misunderstood or misapplied in the case decided; and even then, after long adherence to that error, it may become fixed and incapable of judicial correction. If it were otherwise, the public would suffer great inconvenience. It is only by the notoriety and stability of legal principles and rules as they are defined, declared, and illustrated in judicial precedents that all human affairs may be regulated by one standard, that professional men can give safe advice to those who consult them, that people in general can venture with confidence to buy and trust, and to deal with each other." Lewis, Sutherland, Stat. Const. § 479.

2. Another question urged in plaintiff's brief goes to the authority of the city to assess the cost of the improvement upon the property benefited. That part of the amendment granting the power to construct and lay water mains reads as follows: "After the taking effect of this act all water mains laid or constructed in the city of Portland shall be laid, constructed, assessed and paid for in the same manner as provided by Article 6 of Chapter 6 of the charter of the city of Portland, with reference to the construction, assessment and payment of sewers and drains in the said city; excepting that proceedings for the construction and laying of water mains shall be commenced by the council only when first recommended by the water board, and the duties devolving upon the executive board under section 393 of the charter shall devolve upon the water board. The provisions of Chapter 5 of Bellinger & Cotton's Annotated Codes and Statutes of Oregon, as amended, commonly

known as the 'Bancroft Bonding Act,' are hereby extended and made applicable to the payment of local assessments in the city of Portland for the constructing and laying of water mains." The Bancroft bonding act, above referred to (Section 2727, B. & C. Comp.), provides, among other things, that where an assessment for street or sewer improvements is levied upon the property benefited, the rate payer, under certain conditions, is to have the privilege of paying his assessment by installments. Article 6, chapter 6, of the Portland charter, above referred to, authorizes the council to construct sewers and drains, to determine the boundaries of the district to be benefited, and to be assessed for its construction, and there seems to be no method authorized by article 6, by which sewers or drains may be constructed, except by assessment of the cost of the improvement on adjacent property. It is clear, therefore, that the intent of the lawmaking power in enacting the amendment now in question was to provide for the payment of the cost of constructing water mains by assessment upon the property benefited by the improvement. The particular method of making the assessment does not appear in article 6, and it is contended that, as article 7 is not mentioned in the amendment, the city is without power to levy a valid assessment. We cannot concur in this view. The intent to assess and collect for the laying of water mains is so evident that we will not assume that there was a deliberate purpose on the part of the lawmaking power to create a water district, determine what property should be assessed, authorize and complete the improvement, and leave it to the option of the property owners benefited to pay or not to pay, as they should see fit. Articles 6 and 7 deal in their general scope with the same subject, they are sectionized consecutively, beginning with section 389 of the charter and running to section 421, and the subdivision into articles seems

to have been merely arbitrary and for the purposes of convenience. "It is always presumed, in regard to a statute, that no unreasonable result was intended by the legislature. Hence if, viewing a statute from the standpoint of the literal sense of its language, it is unreasonable or absurd, an obscurity of meaning exists calling for judicial construction. We must, in that event, look to the act as a whole, to the subject with which it deals, to the reason and spirit of the enactment, and thereby, if possible, discover its real purpose." Lewis' Sutherland, Stat. Const. § 377. "The intention of the legislature being ascertained with reasonable certainty, words may be supplied in the statute, so as to give it effect and avoid any repugnancy or inconsistency with such intention." Lewis' Sutherland, Stat. Const. § 382. Taking the amendement as a whole, we think that the intent to make the entire method prescribed in the charter for the levying and collecting drain and sewer assessments applicable to water main improvements is clearly manifest, and that the sections of article 7 are applicable to the proceedings challenged by this suit.

The decree of the lower court is affirmed.

AFFIRMED: REHEARING DENIED.