[Argued October 29; decided November 19, 1894.]

## CLINTON v. CITY OF PORTLAND.

[S. C. 38 Pac. 407.]

1. STREET IMPROVEMENTS — NOTICE OF INTENTION.— Under a charter providing that when street improvements are to be made the council shall cause the recorder to give notice thereof, it is not necessary to pass an ordinance declaring the intention of the council to make the improvement, but a resolution directing the recorder to publish notice is sufficient.

2. IDEM — REMONSTRANCE.— Unless there is some prohibitory clause in a city charter, the council may set aside all prior proceedings for the improvement of a street, and order a new notice of its intention to make the improvement, and unless proper remonstrances are filed the proceedings will prevail, regardless of what may have been done under prior notices.

3. SUFFICIENCY OF NOTICE OF STREET IMPROVEMENTS. — An ordinance or notice of an improvement is sufficient where it describes generally the kind of improvement proposed to be made, and refers for a specific description to maps, plans, specifications, or other details thereof on file in a public office and accessible to interested parties, for by such reference they become part of the ordinance or notice, and then the notice does specify "with convenient certainty" the kind of improvement to be made: *Ladd* v. *Spencer*, 23 Or. 194, cited and approved.

4. PUBLICATION OF NOTICE OF STREET IMPROVEMENTS. — A notice of a street improvement, required to be published in a certain paper, is not affected by a change in the name of the paper during the course of such publication, where the volume and number thereof were not changed and the publication was continued for the requisite time thereafter.

5. PUBLICATION OF NOTICE OF STREET IMPROVEMENT — PROCESS — PAROL EVIDENCE. — A notice of intention to make a public improvement, although it is the means by which the council acquires jurisdiction is not process in the sense that a summons is process, and the same strictness in proving publication is not required. Thus, where proof of a publication of a proposed street improvement is defective, parol evidence is admissible to supply the defects.

6. ASSESSMENT FOR STREET IMPROVEMENTS — COLLATERAL ATTACK. — It will be presumed in a collateral attack upon an assessment of property for a street improvement on the ground that it was not assessed in the name of the owners, that it was made in the manner prescribed by law, where the mode of ascertaining the owner of the property is prescribed, and the persons to whom it is assessed are not strangers to the record: *Dowell* v. *City of Portland*, 13 Or. 248, cited and approved.

7. STREET IMPROVEMENTS — ESTOPPEL. — Irregularities in proceedings for a street improvement will not be considered if objections were not made until the improvement was completed:* *Wilson* v. *City of Salem*, 24 Or. 504, cited and approved.

APPEAL from Multnomah: LOYAL B. STEARNS, Judge.

This is a suit by Richard Clinton and Geo. W. McCoy to enjoin the chief of police of the City of Portland from selling certain lots of the plaintiff in said city, and to cancel an assessment made thereon for the improvement of Fifth Street in the former City of East Portland, which is

*In this connection see also *Strout* v. *City of Portland*, 26 Or. 294. — REPORTER.

now consolidated with the City of Portland, and forms a part thereof. The plaintiffs allege that the proceedings of the common council of the City of East Portland were insufficient to support the jurisdiction assumed by it on making the improvement, and that the assessment made for the expense thereof is void. The defendant denied these allegations, and the cause being at issue was referred to J. R. Stoddard, Esq., who reported that said proceedings were in conformity with the provisions of the city charter. This report was confirmed by the court and a decree rendered dismissing the suit, from which the plaintiffs appeal.      AFFIRMED.

For appellant there was a brief by *Messrs. Walter W. Thayer* and *Newton McCoy*, and an oral argument by *Mr. McCoy.*

For respondent there was a brief by *Messrs. Roscoe R. Giltner*, city attorney, and *Jarvis V. Beach*, and an oral argument by *Mr. Beach.*

Opinion by MR. JUSTICE MOORE.

1. It is contended that the common council failed to pass an ordinance declaring its intention to make the improvement, and that a resolution directing the city recorder to publish a notice thereof was not a sufficient compliance with the requirements of the charter. Section 2 of article VI of the charter of East Portland (Laws, 1885, p. 303,) provides that when any improvement of the streets is to be made the council shall cause the recorder to give notice of the same, etc. The charter does not require an ordinance in such cases, and where it commits the decision of a matter to the council, and is silent as to the mode, the decision may be evidenced by a resolution, and need not

necessarily be by an ordinance: 1 Dillon on Municipal Corporations (4th ed.), 307, and cases cited in note 1.

2.   It is contended that the common council had no authority to adopt said resolution while proceedings were pending before it upon a remonstrance against the improvement, nor until the time had expired when it could have been commenced if no remonstrance had been filed. Sections 3 and 4 of said article VI, in substance, provide that within ten days from the final publication of a notice of the common council's intention to improve a street, the owners of a majority of the property adjacent thereto may remonstrate against the proposed improvement, and thereupon the same shall not be made; but if no such remonstrance be filed, the council, at its earliest convenience, within six months from the final publication of said notice, may commence to make the proposed improvement.   From these sections of the charter plaintiffs maintain that no improvement of the street could have been made until six months after the filing of the remonstrance.   The record shows that the plaintiffs and others on August nineteenth, eighteen hundred and ninety, remonstrated against the improvement of said street, and that on the first of the next month they filed two petitions for its improvement from K to Ellsworth Street, excepting five hundred and twenty feet thereof lying between Adams and Jackson Streets, upon which excepted part plaintiffs' lots abut; that several of the remonstrators on September fifteenth petitioned the common council to have their names stricken from plaintiffs' remonstrance, which was done, and the common council adopted a resolution declaring all proceedings theretofore had for said improvement rescinded and set aside, and also directed the recorder to publish a notice of its intention to improve Fifth Street from K to Ellsworth Streets.   Section 27 of said article VI authorizes the common council to improve a street without giving

notice of its intention to do so, when the owners of two thirds of the adjacent property petitioned therefor, and section 6 authorizes an improvement if no remonstrance by the owners of a majority of the property adjacent thereto be filed within ten days after the final publication of the council's notice of intention to make the improvement. The charter thus provides two methods of acquiring jurisdiction to improve a street, but it is impossible from an inspection of the record to determine whether plaintiffs remonstrated against the common council's attempt to obtain jurisdiction by petition or by the publication of a notice. In either case, however, there is nothing in the charter prohibiting it from setting aside all prior proceedings for the improvement of a street, and ordering the publication of a notice of its intention to make the proposed improvement: *Barkley* v. *Oregon City*, 24 Or. 515, 33 Pac. 978.

3. It is contended that the published notice of the council's intention is defective because it fails to describe the kind of improvement proposed to be made. No notice having been published by the city recorder under the resolution of September fifteenth, the common council on February second, eighteen hundred and ninety-one, adopted another resolution directing said officer to give notice by publication in the Oregon Vindicator, a weekly newspaper printed and published in the City of East Portland, Multnomah County, Oregon, that the common council of said city proposed to improve Fifth Street, in the City of East Portland, from K to Ellsworth Streets, in the manner described in said resolution; and in pursuance of this direction the recorder published a notice, which, after describing a part of said street, and the kind of improvement to be made, contained the following: "And by building an elevated roadway to the established grade thirty-six (36) feet wide, with elevated sidewalks on both sides of said

street twelve (12) feet wide, between the following points on said streets: Commencing at a point ten (10) feet north of the center line of Adams Street, running thence to a point ten (10) feet north of the center line of Jackson Street. Said elevated roadway to be built according to plans and specifications now on file in the office of the city recorder and marked 'Plans and specifications for elevated roadway on Fifth Street.' Said improvement to be made to the established grade, and at the expense of the abutting property." This notice was published in the said Oregon Vindicator in its issues of February sixth and thirteenth, and on the twentieth of that month, the name of said paper having been changed to the East Portland Chronicle, the said notice was published therein of that date, and also in its issue of the twenty-seventh of said month. The plaintiffs and others, on March second, and within ten days from the final publication of said notice, again remonstrated against the proposed improvement, but such remonstrance did not contain the names of the owners of a majority of the property adjacent to such street. If no reference had been made in the notice to the plans and specifications on file in the office of the city recorder, it is evident that the common council would have had no jurisdiction to order the improvement of that part of the street lying between Adams and Jackson Streets: *Ladd* v. *Spencer*, 23 Or. 193, 31 Pac. 474. But it is claimed that section 2, article VI of the city charter having provided that the notice must specify with convenient certainty the kind of improvement to be made, no reference could be had to any plans or specifications to aid such notice, and plaintiffs' counsel in support thereof cite the case of the *City of Sterling* v. *Galt*, 117 Ill. 11, 7 N. E. 471, in which it was held that an ordinance referring for description of the improvement to the maps, plans, profiles, and specifications on file in the office of the city clerk was void under

a statute which provided that an ordinance for local im-
provement should specify therein the nature, character,
locality, and description of such improvement, when any
part of the cost thereof was to be made by special assess-
ment. While there are some decisions affirming the doc-
trine announced in that case, we think the weight of
authority is in favor of the maxim, *id certum est quod
certum reddi potest*, and that where an ordinance or notice,
after describing generally the kind of improvement pro-
posed to be made, refers for a specific description to maps,
plans, specifications, or other details of such improvement
on file in a public office, and accessible to interested par-
ties, they thereby become a part of such ordinance or notice,
render the description complete, and comply with the
statutory requirement: 2 Beach on Public Corporations,
§ 1182; *Stone* v. *Cambridge*, 6 Cush. 270; *Ladd* v. *Spencer*,
23 Or. 193, 31 Pac. 474; *Becker* v. *City of Washington*, 94
Mo. 375, 17 S. W. 291.

It is also claimed that there were no such plans on file
in the office of the city recorder, as were referred to in the
notice. The record shows that there was filed in said
office on March nineteenth, eighteen hundred and ninety,
a plan indorsed "Cross-section plan for widening elevated
roadway across Stevens' Slough," but it does not show
upon what street crossing said slough the elevated road-
way was to be widened, and if there were no specifications
definitely locating the street to be improved, and the kind
of improvement proposed, the notice would doubtless be
vulnerable to the objection; but there was also filed with
said plan a paper marked "Specifications for elevated
roadway on Fifth Street," which contained a description
of that part of said street to be improved, and minute
specifications of the manner of widening the elevated
roadway thereon from twenty-four to thirty-six feet, and
building elevated sidewalks twelve feet wide on each side

thereof, together with the kind, size, quality, and character of all the material to be used therein.  The specifications referred to the plan, and were sufficient to inform persons intending to bid upon the contract for the improvement, and also the owners of property which might be affected thereby, of all the details necessary to be considered in the widening of said elevated roadway, and hence the reference in the notice having made the plans and specifications a part thereof, it was sufficient under the charter.

4.  It is contended that said notice is void because it was not given in compliance with the resolution authorizing its publication.  The notice was published for two weeks in the said Oregon Vindicator, as directed by the common council, when the proprietor of said paper changed its name, but not the volume or number of the paper, to the East Portland Chronicle, and the notice was continued in the same paper under the new name for two weeks thereafter.  The question of the name of a newspaper is entirely one of identity, (*Soule* v. *Chase*, 1 Ab. Pr. N. S. 48,) and it could have been identified as well by its adopted as its original name.

5.  It is contended that the proof of the publication of such notice is defective in failing to state whether said newspaper was printed daily or weekly, or that the notice was published for fifteen days, or that the person making the proof was either the foreman or printer thereof. Omitting the venue and jurat, the proof of publication is as follows: "I, W. A. Wheeler, being first duly sworn, say that I am the foreman of the East Portland Chronicle newspaper office; that the East Portland Chronicle is a newspaper published in said city, county, and state, and has a general circulation therein; that an advertisement of which the annexed is a true printed copy was published

26 OR.—53.

in the East Portland Chronicle for four consecutive weeks from the sixth day of February, eighteen hundred and ninety-one, to the twenty-seventh day of February, eighteen hundred and ninety-one, inclusive; that during said time said paper was regularly circulated." Section 61, Hill's Code, requires the proof of the service of a summons by publication to be made by the affidavit of the printer or his foreman, or his principal clerk. It is true the affiant did not say in his affidavit that he was the foreman of the printer, but the fact is reasonably inferable therefrom. A notice, while it serves to give the common council jurisdiction, is not process in the broad sense of the term: it does not run in the name of the state, nor is it directed to any particular person, and hence we cannot think the legislature has required the same rigid rule in the proof of the publication of a notice that it has in the case of a summons: Wade on Notice, § 1080. Parol evidence to show facts omitted to be stated upon the record is admissible, unless the law expressly requires them to be in writing, and makes the record the only evidence: 1 Dillon on Municipal Corporations (4th ed.), 300. This degree of proof not being required by the charter, every fact necessary to prove the publication of the notice could be and was established by extrinsic evidence. The notice having been duly issued in proper form, and published for the required time in the prescribed newspaper, the common council obtained jurisdiction, and on March nineteenth, eighteen hundred and ninety-one, ordinance number nine hundred and twenty-eight was passed and approved which provided for the time and manner of making the improvement.

6. It is also contended that the assessment of plaintiff's property is void because it was not assessed in the name of the owners thereof. The record shows that it was assessed to "Clinton and McCoy," that each lot was de-

scribed therein, and the amount of the assessment stated. The plaintiffs allege that they, as tenants in common, are the owners of the property, which is not denied.   Section 9 of said article VI provides that "for the purpose of ascertaining who is the owner of any lot or part thereof assessed for the improvement of a street, the recorder shall take from the city assessment roll the name in which said lot or part of lot was assessed at the last annual assessment of the property of the city, and the name of any person so appearing and taken shall be deemed the owner thereof for all purposes required in section 7 of this article."   It must be presumed, in the absence of any proof to the contrary, that official duty has been regularly performed, (subdivision 15, § 776, Hill's Code,) and that the city recorder took from the last annual city assessment roll the names of "Clinton and McCoy" as the persons to whom said lots were there assessed.   It is not contended, as in *Dowell* v. *Portland,* 13 Or. 248, 10 Pac. 308, that plaintiffs are strangers to the record, but that the property should have been assessed to Richard Clinton and George W. McCoy, as tenants in common.   "The legislature," says Mr. Welty in his work on Assessments, § 60, "may provide that an assessment to a wrong name or owner shall not invalidate the assessment; and may provide for making assessments in any other or different mode."   The charter having provided a mode of ascertaining who is the owner of property, and the plaintiffs not being strangers to the record, it must be presumed, in a collateral proceeding, that the assessment was made in the manner therein prescribed.

7.   Plaintiffs' counsel urge other objections to alleged irregularities, occurring in the proceedings after the common council had acquired jurisdiction, but as no objection was made to the manner of improvement until it was completed, it is now too late to consider them: *Wilson* v. *Salem,*

24 Or. 504, 34 Pac. 9, 691; *Barkley* v. *Oregon City*, 24 Or. 515, 33 Pac. 978. There being no material error in the proceedings of the common council, it follows that the decree is affirmed.                                         AFFIRMED.

[ Argued November 13; decided December 17, 1894; rehearing denied.]