Argued 4 April, decided 21 May, 1907.

## ACME DAIRY CO. *v.* ASTORIA.

90 Pac. 153.

CONSTITUTIONAL LAW—SELF-EXECUTING PROVISIONS.

1. A provision of the fundamental law is self-executing when it prescribes a rule, the application of which puts into operation the constitutional provision.

The Constitution of Oregon is self-executing in the particulars prescribed in Art. IV, Sec. 1a, which is the initiative amendment relating to local and special municipal legislation.

CONSTITUTIONAL CONTROL OF LOCAL AND SPECIAL LEGISLATION.

2. Under Const. Or. Art. IV, § 1a, the right of prescribing rules for the application of the initiative and referendum rights is not conferred upon cities or towns except as to municipal legislation, under the rule that the inclusion of one power excludes others.

LOCAL AND SPECIAL LEGISLATION DEFINED.

3. The words "local" and "special," relating to municipal legislat'on, used in Const. Or. Art IV, § 1a, which is the initiative amendment, are synonymous terms and mean enactments intended to affect only certain persons or things, or to operate in specified localities only.

"MUNICIPALITY" AND "DISTRICT"—NATURE OF CITY CHARTER.

4. The terms "municipality" and "district," used in Const. Or. Art. IV, § 1a, reserving the initiative and referendum powers to the legal voters of municipalities and districts, are of the same import, meaning a district created from a designated part of the state and organized to promote those conveniences of the public at large which are inherently local and special.

CONSTITUTION—CREATION AND AMENDMENT OF MUNICIPAL CHARTERS.

5. Const. Or. Art. XI, § 2, as amended in 1906, prohibits the legislature from enacting, amending, or repealing any municipal charters, and grants to the legal voters of every city and town the power to enact and amend their charter, but does not grant the right of repeal.

EXTENT OF INITIATIVE POWER CONFERRED ON MUNICIPAL CORPORATIONS.
   6. The authority to provide the manner of exercising the initiative power as to municipal legislation, reserved to the legal voters of municipalities by the amendment of ˙1906, Section 1a, to Const. Or. Art. IV, extends to the manner of amending the charters of cities as well as their ordinances.

From Clatsop: THOMAS A. McBRIDE, Judge.

Statement by MR. JUSTICE MOORE.

This is a suit by the Acme Dairy Co. against the City of Astoria and another to enjoin the execution of a contract, to set aside a special assessment and to have an ordinance declared void. The facts are that the Common Council of Astoria enacted an ordinance October 17, 1906, prescribing the manner of invoking the initiative power reserved to the people, in pursuance of which petitions were presented to the proper officer, praying that Section 75 of the city charter might be so amended as to eliminate therefrom a clause providing°that no special assessment levied on premises for any one improvement should exceed 75 per cent of the value of the land as assessed for municipal taxation in the last preceding tax roll of Clatsop County, Oregon: Sp. Laws Or. 1901, pp. 783, 785. Notices were given of the proposed amendment and that a vote thereon would be taken at the general city election December 12, 1906, at which a majority of all the ballots cast, as appeared from a canvass thereof, were polled in favor of the measure, whereupon the mayor issued a proclamation declaring the amendment adopted and stating that it would be in effect January 1, 1907. An ordinance was thereafter enacted, prescribing the time for and the manner of improving a street for a specified distance and imposing the cost thereof upon the real property benefited thereby, upon which highway plaintiff's premises are situated. The contract for the improvement of the street was let to the defendant August Hillstrom. As the special assessment levied upon plaintiff's property exceeds the sum originally limited by the charter, this suit was instituted on the assumption that the amendment had not been legally adopted. A demurrer to the complaint on the ground that it did not state facts sufficient to warrant the relief

sought having been sustained, the suit was dismissed, and plaintiff appeals.

The case was submitted on briefs under the proviso of Rule 16 : 35 Or. 587, 600.                                AFFIRMED.

For appellant there was a brief over the name of *Noland & Smith.*

For respondent there was a brief over the name of *Charles Henry Abercrombie,* City Attorney.

Opinion by MR. JUSTICE MOORE.

The question to be considered is whether or not the Common Council of Astoria possessed power to prescribe the manner of amending the city charter. Article IV of the state constitution was amended June 4, 1906, by inserting therein Section 1a as follows :

"The referendum may be demanded by the people against one or more items, sections or parts of an act of the legislative assembly in the same manner in which such power may be exercised against a complete act. The filing of a referendum petition against one or more items, sections or parts of an act shall not delay the remainder of that act from becoming operative. The initiative and referendum powers reserved to the people by this constitution are hereby further reserved to the legal voters of every municipality and district, as to all local, special and municipal legislation, of every character, in or for their respective municipalities and districts. The manner of exercising said powers shall be prescribed by general laws except that cities and towns may provide for the manner of exercising the initiative and referendum powers as to their municipal legislation. No more than ten per cent of the legal voters may be required to order the referendum nor more than fifteen per cent to propose any measure, by the initiative, in any city or town."

It is argued by plaintiff's counsel that the right so retained by the legal voters of an incorporated city or town to provide for the manner of exercising the initiative and referendum powers is expressly limited by the amendment to the enacting or repealing of ordinances, etc.; that an amendment of a charter can now be secured only by the legal voters, whose acts in these

respects are not within the class designated as municipal legisla-
tion; that the right reserved by the constitutional amendment
is not self-executing,. and cannot be carried into effect in the
absence of a general statute prescribing the mode of its exercise,
and hence errors were committed in sustaining the demurrer and
in dismissing the suit.

1. In construing a provision of a written constitution, the
primary inquiry is to ascertain the intent of the framers and
of the people who adopted the clause under consideration, to
determine which, effect should be given to all the words used
(*Bugh* v. *Ottenheimer,* 6 Or. 231: 25 Am. Rep. 513), disre-
garding technical rules and adopting a mean between a strict
and a liberal construction: 8 Cyc. 730; 5 Cur. Law, 622; 6 Am.
& Eng. Enc. Law (2 ed.), 921. A section of the fundamental
law is self-executing when it prescribes a rule, the application
of which puts into operation the constitutional provision:
Cooley, Const. Lim. (5 ed.) 100; 6 Am. & Eng. Enc. Law
(2 ed.), 912. The amendment quoted having expressly author-
ized cities and towns to provide for the manner of exercising
the initiative and referendum powers as to their municipal leg-
islation, the provision is therefore self-executing in respect to
the class of enactments specified.

2. This being so, the decision herein much hinge on the mean-
ing of the phrase "municipal legislation" as understood by the
persons mentioned. To understand the signification of these
words requires an interpretation of the term "local and special
legislation," the right to formulate rules in relation to which is
impliedly denied to cities and towns, on the principle that the
expression of one thing is the exclusion of another.

3. The qualifying words "local" and "special" are synony-
mous (*Smith* v. *Grayson County,* 18 Tex. Civ. App. 153: 44
S. W. 921), and, in the sense in which they are used, mean any
enactment that is plainly intended to affect a particular person
or thing or to be in effect in some specified locality only: *Ladd*
v. *Holmes,* 40 Or. 167 (66 Pac. 714: 91 Am. St. Rep. 457).

4. The words "municipality" and "district" as used in the
clause of the amendment adverted to are evidently expressions of

equivalent import, for a district legally created from a designated part of the state and organized to promote the convenience of the public at large is a municipal corporation: *Cook* v. *Port of Portland,* 20 Or. 580 (27 Pac. 263 : 13 L. R. A. 533). The authority of such a corporation has been heretofore derived from an act of the legislative assembly creating it, and, as such statute is applicable to and enforceable in a part of the state only, it is a local or special law : *Maxwell* v. *Tillamook County,* 20 Or. 495 (26 Pac. 803); *Ellis* v. *Frazier,* 38 Or. 462 (63 Pac. 642: 53 L. R. A. 454) ; *Baker County* v. *Benson,* 40 Or. 207 (66 Pac. 815). Prior to June 4, 1906, when the amendment referred to was adopted, the legal voters of a corporation of the kind last mentioned could exercise no legislative functions and the local and special laws operative in the district embraced in its territory were enacted by the legislative assembly. As some of these organized districts were in existence when the amendment was adopted, we believe a fair construction of the words "local" and "special," as used by the framers of this clause of the organic law, limit their application to such municipal corporations as are described in the case of *Cook* v. *Port of Portland,* 20 Or. 580 (13 L. R. A. 533 : 27 Pac. 263).

5. Section 2 of Article XI of the fundamental law of the state originally contained the following clause:

"Corporations may be formed under general laws, but shall not be created by special laws, except for municipal purposes."

This provision was amended June 4, 1906, so as to read as follows:

"Corporations may be formed under general laws, but shall not be created by the legislative assembly by special laws. The legislative assembly shall not enact, amend or repeal any charter or act of incorporation for any municipality, city or town. The legal voters of every city and town are hereby granted power to enact and amend their municipal charter, subject to the Constitution and criminal laws of the State of Oregon."

It will thus be seen that this change in the organic law deprives the legislative assembly of all authority to enact, amend or repeal any charter of a city or town, the legal voters of which

reserve to themselves the exercise of all such power, except the right of repeal.

6. The amendment last referred to having been adopted at the same time as the section first hereinbefore quoted, the parts of their provisions that relate to the same subject-matter ought to be construed together, and, so considering them, we believe it was the intention of the framers of Section 1*a* of Article IV of the constitution, and also of the people who ratified it, to vest an incorporated city or town with authority to provide the manner of exercising the initiative and referendum powers as to amendments of a charter, which change is reasonably within the generic term of "municipal legislation." It is true that cities were originally incorporated by special laws, but, as other municipal corporations were created in the same manner, and were in existence when the organic law was amended, we do not think the terms "local" and "special," as used in Section 1*a* of Article IV of the constitution to qualify the word "legislation," limit the authority of a city or town to prescribing the manner of exercising the initiative and referendum powers as to the enactment or repeal of ordinances only; for, if such restriction had been intended, it would not have been difficult so to have framed the amendment. The legislative assembly of this state on February 25, 1907, passed an act prescribing the manner of invoking the initiative and referendum powers by the legal voters of an incorporated city or town, Section 10 of which makes the statute effective only when the municipality has not made and does not make any conflicting provisions: Gen. Laws 1907. p. 398. It would thus appear that a majority of the members of the legislative assembly evidently thought an incorporated city or town could provide for the manner of exercising the powers reserved to the legal voters of a municipality; and, though such determination is not binding upon a court, it is at least a persuasive argument and tends to confirm the conclusion we have reached.

Believing that the Common Council of Astoria were empowered to provide by ordinance for the manner of amending the city charter, it follows that the decree should be affirmed, and it is so ordered.                                    AFFIRMED.