Argued March 9, decided March 28, rehearing denied April 25, 1911.

## McBEE v. TOWN OF SPRINGFIELD.

[114 Pac. 637.]

MUNICIPAL CORPORATIONS — BOUNDARIES — EXTENSION — PROCEDURE — INITIATIVE AND REFERENDUM—EXERCISE OF POWER.

Since by Section 1a, Article IV, Constitution of Oregon, as amended June 4, 1906, cities and towns are authorized to provide the manner of exercising the initiative and referendum powers in municipal legislation, except that not more than ten per cent of the legal voters may be required to order the referendum, nor more than 15 per cent to propose any measure by the initiative, which section is self-executing, no enabling act being required to put it into operation, the general law requiring cities and towns to provide by ordinance or charter the manner of exercising such powers is advisory only, and where the town council adopted the manner prescribed by Laws 1893 p. 19, § 4 (Section 3209, L. O. L.), requiring a petition for change of boundaries to be signed by not less than 20 per cent of the qualified electors ,and submitted the question to the voters as provided by such section, this was a reasonable exercise of the power.

From Lane: LAWRENCE T. HARRIS, Judge.

This is a suit by E. F. McBee against the Town of Springfield, a municipal corporation, B. F. Keeney, as Assessor of Lane County, Oregon; E. U. Lee, as County Clerk of Lane County, Oregon, and H. L. Brown, as Sheriff of Lane County, Oregon, to restrain the collection of certain municipal taxes on lands of plaintiff. From a decree dismissing the suit, plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the names of *Messrs. Williams & Bean,* with an oral argument by *Mr. John M. Williams.*

For respondents there was a brief over the name of *Mr. Sjur P. Ness,* with oral arguments by *Mr. Ness* and *Mr. Edwin O. Potter.*

MR. JUSTICE MOORE delivered the opinion of the court.

This is a suit to enjoin the assessment and collection of municipal taxes on about ten acres of plaintiff's land. The cause being at issue was tried on an agreed statement of facts, resulting in a decree dismissing the suit, and plaintiff appeals.

It appears that the town of Springfield was incorporated February 10, 1893, by an act of the legislative assembly designating the boundaries, but not including the premises described in the complaint. The town council upon receiving a petition signed by one-fifth of the qualified electors of the municipality, requesting that an election be held for the purpose of extending the boundaries of the town so as to include the land involved herein and other real property, ordered a special election which pursuant to notice given as prescribed (Section 3209, L. O. L.) was held October 4, 1909, and the votes cast thereat having been canvassed showed that a majority thereof in the proposed territory and in the original town

site favored an enlargement of the boundaries, whereupon a certificate of the result of the election was filed with the Secretary of State.

It is maintained by plaintiff's counsel that the title to the act (Laws 1893, p. 119) is insufficient to embrace an exercise of the power undertaken to be employed; that the town of Springfield having been incorporated prior to the passage of the general law referred to, section 4 thereof (Section 3209, L. O. L.) endeavors to amend the town charter by enlarging its boundaries; and that the general law is void, in that it attempts to delegate legislative authority.

The effort to extend the boundaries of the municipality was made after the amendment of the organic law of the State, clauses of which follow:

"The legal voters of every city and town are hereby granted power to enact and amend their municipal charter, subject to the constitution and criminal laws of the State of Oregon." Section 2, Article XI, Constitution of Oregon.

"The initiative and referendum powers reserved to the people by this Constitution are hereby further reserved to the legal voters of every municipality and district, as to all local, special, and municipal legislation, of every character, in and for their respective municipalities and districts. The manner of exercising said powers shall be prescribed by general laws, except that cities and towns may provide for the manner of exercising the initiative and referendum powers as to their municipal legislation. Not more than ten per cent of the legal voters may be required to order the referendum nor more than 15 per cent to propose any measure, by the initiative, in any city or town." Section 1a, Article IV, Constitution of Oregon.

These amendments were adopted by a vote of the electors June 4, 1906, and at the session of the legislature next following an enabling act was passed and made applicable to cities and towns which had not or might

not provide the manner of exercising the initiative and referendum powers. Section 3480, L. O. L. The manner thus indicated was not followed in undertaking to extend the municipal territory of Springfield, the limits of which were attempted to be enlarged by pursuing the method prescribed in another general act, a clause of which is as follows:

"The boundaries of any municipal corporation now existing in this State, or which may hereafter be incorporated therein, may be altered and new territory included therein after proceedings had as required by this section." Section 3209, L. O. L.

It does not appear that the council of Springfield enacted any ordinance adopting the manner pursued in enlarging the boundaries of the town. The enabling act referred to contains the following provision: "In all cities and towns which have not or may not provide by ordinance or charter for the manner of exercising the initiative and referendum powers reserved by the constitution to the people thereof, as to their municipal legislation, the duties required" of certain officers shall be performed in the manner indicated.

"The provisions of this act shall apply in every city and town in all matters concerning the operation of the initiative and referendum in its municipal legislation, on which such city or town has not made or does not make conflicting provisions." Secton 3480, L. O. L.

In construing Section 1*a* of Article IV of the constitution, it was determined that its provision relating to cities and towns was self-executing, and that the phrase "municipal legislation," as employed therein, applied to the amendment of a charter, as well as to the enactment, amendment, or repeal of ordinances. *Acme Dairy Co.* v. *Astoria*, 49 Or. 520 (90 Pac. 153). The legislative assembly is prohibited from enacting, amending, or repealing any charter or act of incorporation for any

city or town. Section 2, Article XI, Constitution of Oregon, as amended June 4, 1906. As cities and towns are authorized to provide the manner of exercising the initiative and referendum powers in municipal legislation, except as to the number of legal voters required as petitioners therefor (Section 1a, Article IV, Constitution of Oregon), and as this clause of the organic act is self-executing, no enabling act was required to put into operation this provision of the fundamental law, and such being the case the general law requiring cities and towns to provide by ordinance or charter the manner of exercising such powers is advisory only, and does not prohibit the adoption of any other reasonable manner of exercising the powers reserved.

It will be remembered that the organic law does not require more than 15 per cent of the legal voters in any city or town to propose a measure by the initiative. Section 1a, Article IV, Constitution of Oregon. Complying with the requirements of the general act as to the manner of changing the boundaries of a municipality and including new territory therein (Section 3209, L. O. L.)", the petition filed with the council of Sprngfield was signed by not less than one-fifth, or 20 per cent, of the qualified electors of the town. The petition was certainly adequate, and the notices posted and published sufficient to authorize the holding of the special election for the purpose indicated. A compliance with the provisions of the general act last referred to shows that the town council adopted the manner thus recommended, and whether this was done by ordinance, resolution, or in any other manner is deemed immaterial, in view of the number of petitioners and of the notice which was given of the election.

Believing that the manner of enlarging the boundaries of Springfield as pursued was a reasonable compliance with the clause of the constitution authorizing an exer-

cise of the initiative power, the territory thereby included in the municipality legally became a part thereof and is subject to taxation therefor. The conclusion thus reached renders it unnecessary to consider the legal principles for the maintenance of which plaintiff's counsel contends, and such being the case it follows that the decree should be affirmed, and it is so ordered.

AFFIRMED.