Argued December 11, decided December 31, 1912.

## JEFFERY v. SMITH.

(128 Pac. 822.)

**Appeal and Error—Review—Matters Considered.**

1. Where no evidence is brought up on appeal in an action for possession of lots sold for delinquent assessments, the only question to be considered is whether the conclusions of law are legally deducible from the findings of fact.

**Municipal Corporations—Governmental Powers—Implied Powers.**

2. The ordinary grant of power under a municipal charter carries with it by implication the authority necessary to effectuate the purposes designated, which power is commonly exercised by ordinance.

**Municipal Corporations—Ordinances—Constitutional and Statutory Provisions.**

3. Municipal ordinances, passed in the exercise of the implied powers necessary to effectuate municipal purposes, while strictly construed, will be upheld if not unreasonable or in conflict with fundamental law.

**Municipal Corporations—Legislative Control—Effect of Legislative Acts.**

4. The procedure by which municipal business is required to be transacted is marked out by the charter or by legislative enactment, and, when the procedure is not prescribed in the charter or governed by an ordinance, it should follow the requirement of some general statute relating to that subject.

**Notice—Publication—Proof.**

5. Under Section 833, L. O. L., which provides that proof of the publication of a notice required by law to be published in a newspaper may be made by the affidavit of the printer or his foreman, annexed to a copy of the notice, etc., an affidavit of publication of notice made by "the foreman of the Evening Telegram, a daily newspaper of general circulation published in the City of Portland," is insufficient as against proper objection.

**Municipal Corporations—Assessment for Benefits—Proceedings for Sale—Statutes.**

6. The rule that, whenever title to property is to be divested by proceedings in invitum, the statutory authority is to be strictly construed, extends to the statutory provision as to notice of publication in a proceeding by a municipality for the sale of land for delinquent assessments.

From Multnomah:   ROBERT G. MORROW, Judge.

Statement by MR. JUSTICE MOORE.

This is an action by Oliver K. Jeffery against Ella M. Smith and O. M. Smith, her husband, to recover the possession of lots 1, 2, and 3, in fractional block 330, in Portland, and damages for an alleged wrongful occupation of the premises.

The answer denied the material averments of the complaint, and for a further defense alleged, in effect, that the plaintiff's only claim to the real property consisted of mesne conveyances from the city treasurer of Portland upon pretended sales of the premises for an alleged delinquent assessment that had been made for a local street improvement, setting forth the procedure undertaken for that purpose and particularly specifying the several defects which it was asserted rendered the attempted assessment ineffectual and the deeds void.   Upon filing the answer the defendants deposited with the clerk $162.81, the sum bid for the property at a sale thereof June 29, 1902, with interest thereon and penalty therefor as prescribed by the city charter, aggregating $298.48.

The reply put in issue the allegations of new matter in the answer, whereupon the cause was tried without the intervention of a jury, and from the evidence taken findings of fact were made respecting the entire proceedings attempted to impose on the premises an assessment for repairing a part of Chapman street and charging the cost thereof against the adjacent real property as an improvement.   In all the instances where notice was given by publication in a newspaper, the only proof thereof was affidavits of the same tenor and effect as the following, which, omitting the venue, subscription, and jurat, reads:

"I, H. C. Lohman, being first duly sworn, say that I am the foreman of the Evening Telegram, a daily newspaper of general circulation published in the City of Portland, county and State aforesaid."

And the notice, a copy of which was attached, was published in such a paper for a certain period. The written declaration under oath was sworn to before a notary public. The court from the findings of fact concluded as a matter of law that as far as the real property herein involved might be affected thereby, the proceedings invoked to improve the streets were void, in that the several proofs of the publication of notices in newspapers did not purport to have been made by persons who could supply such evidence, and that the plaintiff was not entitled to any part of the money deposited by the defendants. A judgment having been given in favor of Mrs. Smith to the effect that she was the owner in fee of the premises and entitled to the possession thereof and to withdraw the money which she had paid into court, the plaintiff appeals.          AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. W. B. Shively.*

For respondent there was a brief and oral arguments by *Mr. John H. Hall* and *Mr. Frank Schlegel.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. No evidence has been brought up, and hence the only question to be considered is whether or not the conclusions of law that the proceedings and the tax deeds are void are legally deducible from the findings of fact that no competent evidence was offered of the publication of the several notices demanded. *Hicklin* v. *McClear*, 18 Or. 126 (22 Pac. 1057) ; *Harris* v. *Harsch*, 29 Or. 562 (46 Pac. 141) ; *Darling* v. *Miles*, 57 Or. 593 (111 Pac. 702: 112 Pac. 1084). Section 833, L. O. L., as far as deemed applicable to the inquiry involved, reads as follows:

"Proof of the publication of a notice required by law * * to be published in a newspaper, may be made by the affidavit of the printer of the newspaper, or his foreman

or his principal clerk, annexed to a copy of the * * notice, specifying the times when and the paper in which the publication was made."

2, 3. The plaintiff's counsel maintain that the provision of the statute quoted has no application to the proof to be made of the publication in newspapers of notices required in cases arising under municipal regulations, and in support of the principle asserted reliance is placed upon the conclusion reached in *Clinton* v. *Portland,* 26 Or. 410, 418 (38 Pac. 407). In that case, which was a suit to enjoin the sale of real property and to cancel an assessment thereon for an improvement of a street, it appeared that the proof of the publication of a notice was made by the affidavit of a person who deposed that he was the "foreman of the East Portland Chronicle newspaper office," and it was ruled that, though the proof was defective, testimony was admissible to supply the imperfection; the court saying: "Parol evidence to show facts omitted to be stated upon the record is admissible, unless the law expressly requires them to be in writing, and makes the record the only evidence." It must be taken for granted that the necessary procedure to carry into effect the authority delegated to a municipal corporation is usually to be found in express terms in the charter. If not so specifically indicated in the instrument emanating from the sovereign, the ordinary grant of power carries with it by implication such measure of authority as is necessary to effectuate the purposes designated. 20 Am. & Eng. Enc. Law (2 ed.) 1139; 28 Cyc. 262; *Corvallis* v. *Carlile,* 10 Or. 139 (45 Am. Rep. 134). The additional power thus further bestowed, though strictly construed, is commonly employed in the manner prescribed by an ordinance, which enactment will be upheld if it is not unreasonable or violative of some clause of the fundamental law. 28 Cyc. 271; *Portland* v. *Schmidt,* 13 Or. 17 (6 Pac. 221) ; *Hubbard* v. *Medford,*

20 Or. 315 (25 Pac. 640). The trial of an action involving the violation of an ordinance is governed by the ordinary principles of evidence, which rules cannot be altered by a common council unless expressly authorized by a charter. Dillon, Mun. Corp. (5 ed.), Section 643.

4. The procedure, however, by which the business is required to be transacted by the officers of a city, is to be determined by the provisions of the charter or by the enactments of the State. Dillon, Mun. Corp. (5 ed.), Section 859. When the mode of performing a municipal duty enjoined by law is not prescribed by the charter or governed by an ordinance, the method of discharging the obligation should be in accordance with the requirement of some general statute relating to that subject. *McBee* v. *Springfield,* 58 Or. 459 (114 Pac. 637). If any ordinance or resolution was received in evidence, prescribing the manner of making proof of publication of notices required to be given by clauses of the city charter, no copy of the enactment or determination by the common council of Portland has been sent up, and, in the absence thereof, the general statute regulating such proof must be controlling.

5. The enactment hereinbefore quoted recognizes only the person who has charge of arranging the forms and assembling the matter, as it is desired it should appear in the columns of a newspaper and who supervises the printing thereof, as possessing sufficient knowledge of what has been displayed therein and the several issues of the paper in which the advertisement has been held out to view, to render him competent to make the affidavit of proof of a notice required by law to be given in that manner. Such person has been designated in the statute as the printer of a newspaper, or his foreman or his chief clerk. A person might be foreman of a newspaper, and have general charge of all its departments, and not possess specific information respecting

the minute details of any particular branch of the work to enable him to make the necessary affidavit. A superintendent of the kind supposed could not, under our statute, make the required affidavit of the publication of a notice in a newspaper when the sufficiency of his written sworn declaration was challenged at the proper time and in the prescribed manner.

6. Whenever the title to property is undertaken to be divested by proceedings *in invitum,* the statute authorizing the deraignment is usually construed strictly. *Sedalia v. Donohue,* 190 Mo. 407 (89 S. W. 386: 4 Ann. Cas. 89). Thus in *Rafferty* v. *Davis,* 54 Or. 77 (102 Pac. 305), which was an action to recover the possession of lands the title to which was asserted to have been obtained by a sale of the premises for delinquent taxes and a deed executed in pursuance thereof, it was held that the proof of the notice of sale, published in a newspaper, and evidenced by the affidavit of a person denominating himself "Foreman of the Eastern Oregon Republican," and sworn to before a notary public who had not attached to the written oath or made thereon an impression of his official seal, was insufficient. Though based on two grounds, the decision in that case is deemed controlling herein as to the first objection urged against the proof.

The case of *Clinton* v. *Portland,* 26 Or. 410 (38 Pac. 407), was a suit to prevent the sale of land for a special assessment for a local improvement, and, though the affidavit of the proof of the publication of a notice was made by a person who characterized himself as "Foreman of the East Portland Chronicle newspaper office," it was determined that the requisite proof was established by supplemental evidence. The plaintiffs in that case had seen the improvements as they were being made, and interposed no objection until the betterment of their land was completed, and it was held that their complaint then came too late, and, since their premises had not been

sold to satisfy the delinquent assessment, an enforced transfer of the title could be prevented by paying the sum due.   In the case at bar, however, the findings of fact show that in 1899, when the assessment was entered in the docket of city liens, the defendant Ella M. Smith was not the owner of the lots in question, and did not secure a title thereto until June 2, 1902.   Though the sale of the premises for the delinquent assessment was made June 29, 1903, a deed had been executed to the purchaser, under whom the plaintiff claimed.   The title thus having been attempted absolutely to be transferred without Mrs. Smith's consent, the statute respecting the mode of proving the publication of the notice was properly construed strictly.

It follows that the judgment should be affirmed, and it is so ordered.                              AFFIRMED.