Argued September 2, decided September 9, rehearing denied October 7, 1913.

# DILLON v. BEACOM.

## (134 Pac. 778: 135 Pac. 336.)

**Municipal Corporations—Public Improvements—Special Assessments —Notice of Intention.**

1. When a city charter provides that, whenever the council desires to lay any water mains and assess the cost against abutting property, it shall declare its intention by resolution and fix a time at which protests will be heard, of which notice shall be given in a manner stated, notice must be given in the manner prescribed in order to authorize the council to levy the assessment.

**Municipal Corporations—Special Assessments—Irregularities.**

2. After notice of intention to levy a special assessment has been given as required by statute, and the council has acquired jurisdiction, made the levy, and performed the work, mere irregularities in the assessment cannot be taken advantage of collaterally; the only available defense being that the levy was wholly void.

**Evidence—Special Assessments—Presumption as to Council Proceedings.**

3. All reasonable presumptions are in favor of the record of the proceedings by the city council to levy a special assessment; and, in the absence of proof to the contrary, it must be taken as true.

**Covenants—Action for Breach—Sufficiency of Complaint.**

4. In an action for breach of covenant against encumbrances, a complaint setting out the ordinance under which a special assessment was levied against the property, stating the substance and effect thereof, and detailing the proceedings of the city council, was good upon general demurrer, though the allegations respecting the notice were not very specific, as motion should have been made to make more definite.

**Municipal Corporations—Special Assessments—Resolution of Intention.**

5. That the date for hearing protests was not contained in the resolution of intention by the city council to construct water-mains assessable to abutting property but was fixed by separate resolution was at most only an irregularity.

**Covenants—Breach of Covenant Against Encumbrances—Damages.**

6. In an action for breach of covenant against encumbrances, where the encumbrance complained of was a special assessment for laying water-mains, certificates for the use of so much water given with the first installment which defendants had paid, and which would inure to plaintiff's benefit, were no defense or even admissible to

reduce the damages, as the certificates were only an incident of the property which passed with the sale.

**Municipal Corporations—Ordinances—Pleading.**

7.  Under Section 90, L. O. L., providing that in pleading a municipal ordinance or a right derived therefrom it is sufficient to refer to such ordinance by its title and date of approval, and thereupon the court shall take judicial notice of it, it when so pleaded becomes as much a part of the complaint as though set out *verbatim.*

**Covenants—Covenants Against Encumbrance—Water-mains in Street.**

8.  The right to use a certain amount of water on a lot, certificate for which, according to custom, is given when payment is made of the special tax levied on the lot for a water-main laid in the adjacent street, is included in a purchase of the lot, with covenant against encumbrances, after the improvement is made and the tax levied but before it is paid.

From Jackson: FRANK M. CALKINS, Judge.

Department 2.    Statement by MR. JUSTICE BEAN.

This is an action by Helen C. Dillon against A. Louise Beacom and William Beacom to recover damages for a breach of covenant in a deed. The trial court directed the verdict in favor of the plaintiff, and defendants appeal from the judgment rendered thereon.

On March 8, 1910, the defendants, in consideration of $3,900, conveyed to plaintiff certain real property described by metes and bounds, situate on Clark Street, in the City of Medford, a municipal corporation, in Jackson County, Oregon. The deed contained the usual covenant of warranty against all encumbrances. On October 22, 1909, the city council of Medford passed ordinance No. 248, levying an assessment of $181.07 upon the property conveyed as its proportionate share of the cost of laying a water-main on the adjacent street, and the same was entered in the city lien docket. On November 24, 1909, defendant W. J. Beacom made an application to the city to pay the water-main assessment in installments, in accordance with Section 120 of the city charter, waiving all ir-

regularities or defects, jurisdictional or otherwise, in the proceedings to lay said water-main, and agreeing that the assessment should be a valid, subsisting lien on the premises, and to pay the balance. At that time he paid one tenth of the assessment, leaving $162.96 unpaid at the time of the conveyance. Plaintiff afterward paid this balance in order to protect the title to her property and brought this action to recover the same.

The defendants, who are husband and wife, filed a demurrer to the complaint, which being overruled, the plaintiff introduced evidence fully sustaining the allegations of the complaint. The defendants, at the close of plaintiff's evidence, moved for a nonsuit, which was refused by the court, and at the termination of the testimony requested the court, in effect, to instruct the jury to find a verdict in favor of the defendants. The court found the reverse and the defendants assign error.                          AFFIRMED.

For appellants there was a brief over the names of *Mr. O. C. Boggs* and *Mr. John G. Wilson,* with an oral argument by *Mr. Boggs.*

For respondent there was a brief over the names of *Mr. William Colvig* and *Mr. Clarence L. Reames,* with an oral argument by *Mr. Colvig.*

MR. JUSTICE BEAN delivered the opinion of the court.

The questions thus raised are so similar that to quite an extent they may be considered togéther. Counsel for defendants contend that the facts set forth in the complaint which are challenged by the demurrer are insufficient to permit plaintiff to recover or to show a valid lien on the real property conveyed for the reason: (1) That the resolution of intention to make the

improvement did not fix a time and place for hearing objections thereto; (2) that the complaint does not aver that the notice required by statute was given.

1. Section 110 of the charter of Medford authorizes the council to construct a system of waterworks for the city. Section 116 of the charter provides, among other things, as follows: ''Whenever the city council shall intend to lay any water-mains in any street of the City of Medford, the cost of which is to be assessed to the property fronting on said street, it shall by resolution declare such intention, * * describe the size of the proposed main and shall designate the portion of the street along which the same is to be laid; it shall declare the intention of the council to assess the cost thereof to the property fronting on said street in proportion to the frontage of said property, and shall fix a time and place at which the council will meet and hear all protests against the laying of said water-mains and the assessment of the cost thereof on the property fronting said street''—and requires the notice to be published three times in a daily newspaper and posted for a period of ten days in five public places in the city. Under this charter notice of an intended improvement must be given to the property owners in accordance therewith in order to authorize the city council to levy an assessment for the expense of laying a water-main: *Rogers* v. *City of Salem,* 61 Or. 321 (122 Pac. 308) ; *Paulson* v. *City of Portland,* 16 Or. 450 (19 Pac. 450, 1 L. R. A. 673), 149 U. S. 30, 40 (37 L. Ed. 637, 13 Sup. Ct. Rep. 750).

2, 3. Did the proceedings in question conform to the requirements of this statute? The plaintiff's complaint sets forth the notice of intention to lay the water-main and to make the assessment and, as permitted by Section 90, L. O. L., pleaded the ordinance declaring the water-main to be a benefit to the land,

by reference to its title and date of approval. The complaint showed in substance the record of proceedings taken by the council to establish the lien. The ordinance recites that the resolution of intention was published as provided by Section 116 of the charter; that a meeting of the council was held at the time and place fixed by the resolution for the purpose of considering any protests against the improvement and assessment; but that no such protest was made. The defendants did not at any time contest the propriety or right of the city to construct the water-main and to make the assessment. This action is collateral to the proceedings of the municipal authorities in the matter. After notice given as required by statute, and after the council has acquired jurisdiction, made the levy, and performed the work, defendants cannot take advantage of mere irregularities in making the assessment. Their only available defense is that the lien is wholly void. All reasonable presumptions are in favor of the record of the proceedings, which, in the absence of allegations and proof to the contrary, must be taken to be true: *Wilson* v. *Salem,* 24 Or. 504 (34 Pac. 9, 691); *Clinton* v. *Portland,* 26 Or. 410 (38 Pac. 407); *Houck* v. *City of Roseburg,* 56 Or. 238 (108 Pac. 186.)

4. While the allegations of the complaint as to notice are not so clear and specific as might have been desired by defendants, yet their remedy was to move to make the same more definite. Regarding the averments of a notice in such proceedings, Page and Jones, Taxation by Assessment, Section 1237, states, in substance, that averments showing that notice was given in substantial compliance with the terms of the statute are sufficient. It is sufficient if the complaint shows that some notice was given and that the court regarded it as sufficient before taking action upon the

petition for the improvement, indicating that, if the notice is defective, such defect must be set up by the answer. Defendants could not ignore the notice, suffer the work to be done, and then raise such objection in a collateral proceeding. The pleading setting out the ordinance, stating the substance and effect thereof, and detailing the proceedings of the city council was good upon general demurrer: *Green* v. *Tidball,* 26 Wash. 338 (67 Pac. 84, 55 L. R. A. 879). Defendants' answer consisted of a general denial and did not point out any defect in the proceedings.

5. It is urged by defendants' counsel that the resolution of intention is defective in not fixing a time and place for hearing protests. This, in the face of the declaration of the council that such time and place were fixed and notice thereof published, amounts to nothing more than an objection that the resolution was divided into two parts, which at most would only be an irregularity. The city recorder was a witness upon the trial, and, upon his stating to the effect that all of the parties interested had an opportunity to be heard in the matter, defendants did not question the correctness of the assertion by cross-examination or otherwise, but for brevity's sake counsel made an admission as to the resolution.

6. The only evidence offered by defendants was in regard to what had already been shown, namely, that when Mrs. Dillon paid the tax on the land, the city authorities, pursuant to custom, issued to her a water certificate entitling her to a like amount of credit for water, to be used solely upon the premises conveyed. Counsel for defendants assert that, by reason of this, plaintiff was not damaged to the full extent of the payment of the tax; that the question of damages was one for the jury; and that the court erred in directing a verdict. Counsel for plaintiff maintain that this

was a matter of the regulation of the fees for the use of the city water, which was subject to change and not compulsory on the part of the city. We think the right to the use of the water furnished through the water-main upon the land purchased by plaintiff from defendants, under the favorable conditions which might be allowed by the municipal authorities, was one of the incidents of the improvement of the street and real estate by laying the water-main, which plaintiff is presumed to have purchased and paid for, and that such right passed by the conveyance of the property. The privilege granted by the water certificates was solely for the benefit of the occupant of the premises and in the nature of a right to the use of the water-main: Page and Jones, Taxation by Assessment, § 1072, p. 1777. As somewhat analogous, see, also, *Ford* v. *Oregon Elec. Ry. Co.*, 60 Or. 278 (117 Pac. 809, Ann. Cas. 1914A, 280, 36 L. R. A. (N. S.) 358). The right of plaintiff to the use of water by virtue of the water certificates would be the same as to the unused portion of the water credited by such certificates, in so far as defendants are concerned, as if the whole amount of the tax had been paid by defendants. The city might thereafter double the water rate or diminish the same. Therefore the question of damages was not affected by the evidence of the issuance of the water certificates.

There being no material disputed question of fact in the case, it was proper for the trial court to direct a verdict. It follows that the judgment of the lower court should be affirmed. It is so ordered.

AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE MCNARY concur.

Denied October 7, 1913.

## ON PETITION FOR REHEARING.

(135 Pac. 336.)

MR. JUSTICE BEAN delivered the opinion of the court.

Counsel for appellants petition for rehearing, from which petition it appears that the opinion rendered was not understood by counsel.

7. In pleading the ordinance of an incorporated city or a right derived therefrom, it is sufficient to refer to such ordinance by its title and date of approval. This the plaintiff did in pleading ordinance No. 248 of the City of Medford in the case at bar: Section 90, L. O. L. This section further provides that the court shall thereupon take judicial notice thereof; therefore the ordinance when so pleaded became as much a part of the complaint as though the same had been set out *in haec verba;* this before it was introduced in evidence.

8. We hold that the right to the use of the water mentioned in the water certificates issued to plaintiff was purchased and paid for by plaintiff when she purchased the real estate. It was in the nature of an improvement of the street adjacent to the land purchased.

With this explanation the petition will be denied.

REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE MCNARY concur.