Argued September 24, affirmed October 13, rehearing denied November
16, 1915.

# STATE EX REL. *v.* SCHOOL DISTRICT No. 3.

(152 Pac. 221.)

**Schools and School Districts—Dissolution of Districts—Constitutional
and Statutory Provisions.**

1.    Session Laws of 1915, page 54, Section 2, providing for the disso-
lution of union high school districts by a vote of the voters of the dis-
tricts forming the union school district and prescribing the procedure to
be followed, does not violate Article XI, Section 2 of the Constitution,
providing that the legislative assembly shall not enact, amend or
repeal any charter or act of incorporation for any municipality, city
or town, and that the legal voters of every city and town are thereby
granted power to enact and amend their municipal charter, since this
provision does not extend to school districts which have no charters,
but depend for their existence upon the general laws of the state.

**Constitutional Law—Legislative Powers.**

2.    The legislature is invested with legislative power to the fullest
extent except so far as limited expressly or by necessary implication
in the state and federal Constitutions, and in considering the con-
stitutionality of an act the question is not as to the extent of the
power delegated by the people to the legislative assembly, but as
to the extent of the limitations the people have imposed upon that
body.

> [As to when statute is to be declared void as conflicting with
> the Constitution, see note in 48 Am. Dec. 269.]

Schools and School Districts—Dissolution of Districts—Constitutional and Statutory Provisions.

3. There is nothing in the Constitution prohibiting the legislature from passing a general law providing the manner whereby a *quasi* municipality, such as a school district, may be dissolved.

Schools and School Districts—Dissolution of Districts.

4. A *quasi* municipality, such as a school district, can be dissolved only in the manner prescribed by law, and its inhabitants are powerless to dissolve it, unless this be done as the law directs.

Schools and School Districts—Dissolution of Districts—Constitutional and Statutory Provisions.

5. Laws of 1915, page 54, Section 2, relative to the dissolution of union high school districts, does not violate Article IV, Section 1a of the Constitution, providing that the initiative and referendum powers are thereby reserved to the legal voters of every municipality and district as to all local, special and municipal legislation, and that the manner of exercising such powers shall be prescribed by general laws, except that cities and towns may provide for the manner of exercising such powers as to their municipal legislation, since it is in accordance with the spirit of this provision for the legislature to provide the method by which a school district or other *quasi* municipal corporation may vote upon a matter of purely local concern.

Schools and School Districts—Dissolution of Districts—Constitutional and Statutory Provisions.

6. Laws of 1915, Chapter 40, Section 2, relative to the dissolution of union high school districts, is not repealed by Laws of 1915, Chapter 211, providing a method whereby an incorporated city, town or municipal corporation may surrender its charter and disincorporate, as this does not relate to the same matters as Chapter 40, and does not displace it or conflict with it.

From Clatsop: James A. Eakin, Judge.

Department 2.    Statement by Mr. Justice Bean.

This is a suit in the name of the State of Oregon, upon the relation of B. W. Otto, against School District No. 3 of Clatsop County, Oregon. The facts are as follows:

In 1915 the legislature of the State of Oregon passed an act providing for the dissolution of union high school districts: Laws 1915, pp. 52–55. In August of the same year the regular electors of school districts Nos. 3, 10, 15, 36 and 37, comprising Union High School District No. 1 of Clatsop County, filed with the dis-

trict boundary board their written petitions, asking for the holding of a special election on September 9th, in order to vote on the question of whether or not Union High School District No. 1 should be dissolved. The district boundary board of Clatsop County thereupon gave the various districts notice, as required by law, fixing September 9, 1915, as the day of this special election. The regularity of these various proceedings is not questioned upon this appeal. Plaintiff instituted this suit to restrain the district officers and the district boundary board of Clatsop County from considering or carrying into effect the result of such election. The Circuit Court sustained a demurrer to plaintiff's complaint and dismissed the suit. Plaintiff brings this appeal.

AFFIRMED. REHEARING DENIED.

For appellant there was a brief over the names of *Mr. C. W. Mullins,* District Attorney, and *Messrs. Norblad & Hesse,* with an oral argument by *Mr. A. W. Norblad.*

For respondents there was a brief over the names of *Mr. George C. Fulton* and *Mr. A. C. Fulton,* with an oral argument by *Mr. George C. Fulton.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. Plaintiff claims that the act under which the election was held is unconstitutional, for the reason that the power to repeal charters of municipal corporations, either by special or general laws, has been withdrawn from the legislature by the amendment to Section 2 of Article XI of the Constitution, which provides:

"The legislative assembly shall not enact, amend, or repeal any charter or act of incorporation for any mu-

nicipality, city, or town. The legal voters of every city and town are hereby granted power to enact and amend their municipal charter, subject to the Constitution and criminal laws of the State of Oregon.''

Plaintiff further claims that the legal voters of municipalities have no power to repeal their municipal charters by vote, as such power rests exclusively in the entire electorate of the state. Defendant expressly waives all questions as to procedure, and submits that the Constitution does not require that the question of the dissolution of a union high school district, road district, or the life, be submitted to the electors of the whole state, but that the legal voters of a district may dissolve a union high school by proceeding in accordance with the general statute mentioned. The act for consideration is an amendment to Section 4194, L. O. L. Section 1 provides for the organization of a union high school district by uniting contiguous school districts for high school purposes upon a prescribed petition therefor to the district boundary board, and the submission to the legal voters of the school districts or parts of districts proposed to be consolidated, if a majority of all votes cast on the subject is in favor of uniting such school districts for high school purposes, provided, however, that the majority of all votes cast in a majority of the districts shall be in favor of the proposition. That part of Section 2 of the act deemed necessary to mention directs:

''Whenever it is desired to dissolve a union high school district that has been regularly formed, a petition from the majority of the districts within the union district shall be presented to the district boundary board requesting said boundary board to direct the school board of each district in said union high school district to state in the notice for the next annual or special meeting or election that

the question of dissolving said union high school district will be submitted. The petitions shall contain at least 10 per cent of the legal school voters in the districts petitioning. Within ten days after receiving such petitions the district boundary board shall direct, in writing, the respective school boards of the districts comprising said union high school district to give the notice as requested in said petitions. The vote on the question must be by ballot, and the ballot shall have written or printed thereon the words: 'For Dissolution of Union High School District No.—Yes.' 'For Dissolution of Union High School District No.—No.' "

The manner of holding the election, making and canvassing the returns, and declaring the result, is then prescribed. It will be noticed that pursuant to the direction of the legislative enactment the different school districts act as a unit both in the organization and dissolution of a union high school district. The matter is treated as a local one. Prior to the amendment of the Constitution, school districts were not granted charters by the legislature, and since they have not enacted, amended or repealed their charters. Strictly speaking, they have no charters. They depend for their existence and guidance upon the general laws of the state: *School Dist.* v. *Holden, post,* p. 267 (151 Pac. 702). The constitutional amendment, relieving the legislature of the burden of granting charters to municipalities or changing or amending such instruments, did not extend to school districts nor affect them.

2–4. The legislature of this state is invested with legislative power to the fullest extent, except so far as limited expressly or by necessary implication in the Constitution of the state and of the United States, and in considering the constitutionality of an act of the legislature, the question is not as to the extent of

the power that has been delegated by the people to the legislative assembly, but as to the extent of the limitations the people have imposed upon such body: *David v. Portland Water Committee,* 14 Or. 109, 110 (12 Pac. 174). Nothing in Chapter 40, 1915 Session Laws of Oregon, can be construed to be an attempt by the legislature to dissolve any corporation or to repeal any charter thereof. The act in question simply provides a method whereby the people of a union high school district may dissolve such district. There is nothing in the Constitution of the State of Oregon prohibiting the legislature from passing a general law providing the manner whereby a *quasi* municipality may be dissolved. It can be dissolved only in the manner prescribed by law, and its inhabitants are powerless to dissolve it unless this be done as the law directs: *McKeon* v. *Portland,* 61 Or. 385 (122 Pac. 291); 1 McQuillin, Mun. Corp., § 301; 1 Dillon, Mun. Corp., §§ 172, 173; *School Dist.* v. *Palmer,* 41 Or. 485 (69 Pac. 453).

5. As to whether or not the statute is in harmony with the provisions for home rule, let us consider that part of Section 1a of Article IV of the Constitution adopted in 1906, which is as follows:

"The initiative and referendum powers reserved to the people by this Constitution are hereby further reserved to the legal voters of every municipality and district, as to all local, special, and municipal legislation, of every character, in or for their respective municipalities and districts. The manner of exercising said powers shall be prescribed by general laws, except that cities and towns may provide for the manner of exercising the initiative and referendum powers as to their municipal legislation. Not more then 10 per cent of the legal voters may be required to order the referendum nor more than 15 per cent to propose any measure, by the initiative, in any city or town."

It is in accordance with the spirit of the latter amendment for the legislature to provide the method by which a school district or other *quasi* municipal corporation may vote upon a matter which is of purely local concern: *Acme Dairy Co.* v. *Astoria,* 49 Or. 520 (90 Pac. 153) ; *McBee* v. *Springfield,* 58 Or. 459 (114 Pac. 637) ; *Schubel* v. *Olcott,* 60 Or. 503 (120 Pac. 375) ; *State ex rel.* v. *Portland,* 65 Or. 273 (133 Pac. 62) ; *State ex rel.* v. *Gilbert,* 66 Or. 434 (134 Pac. 1038). This holding is in accord with the opinion in *Branch* v. *Albee,* 71 Or. 188 (142 Pac. 598), and other cases cited and relied upon by plaintiff. It is appropriate and in the interest of higher education that school districts be provided with efficient legal machinery for ascertaining and carrying into effect the will of the people directly interested in the affairs of a particular locality, or union high school district. We conclude that the act in question is not repugnant to the Constitution.

6. It is suggested by counsel for plaintiff that if the statute referred to is constitutional, then it was repealed by a later act of the same session of the legislature (Chapter 211, Laws 1915, p. 273), providing a method whereby an incorporated city, town or municipal corporation may surrender its charter and disincorporate. This enactment does not relate to the same matters as the statute under consideration, and does not displace the same, conflict therewith or repeal the act in question.

It follows that the decree of the lower court should be affirmed, and it is so ordered.

AFFIRMED.    REHEARING DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE McBRIDE and MR. JUSTICE HARRIS concur.